## MADDOX v. SMITH.

No. 4062.    Opinion Filed April 12, 1915.

Rehearing Denied May 25, 1915.

(148 Pac. 842.)

1.    LIMITATION OF ACTIONS—Petition—Allegation of Discovery of Fraud. In an action brought on the 20th day of May, 1911, for damages for fraudulent conversion of property on the 7th day of April, 1908, an allegation in the petition that "plaintiff did not discover said fraud, and that said M. had fraudulently converted plaintiff's cattle until the 1st day of October, 1910," is sufficient to bring the case within the provision of the statute of limitations (section 4657, Rev. Laws 1910); the statute having regard to the time of the discovery of the fraud, and not to the manner of such discovery.

2.    NOTICE—Constructive Notice—Stockyard Record. A resident of Oklahoma is not chargeable with notice of transactions appearing in a record, open to inspection by the public, kept by the Kansas City Stockyard Company, showing shipments and sales of cattle there received, particularly where it does not appear that he was aware of the existence of such record.

(Syllabus by Bleakmore, C.)

*Error from District Court, Washita County;*

*James R. Tolbert, Judge.*

Action by L. C. Smith against C. W. Maddox. Judgment for plaintiff, and defendant brings error. Affirmed.

*Swan C. Burnette, A. M. Betts,* and *T. A. Edwards,* for plaintiff in error.

*Brett & Rice,* for defendant in error.

BLEAKMORE, C. This case presents error from the district court of Washita county. The parties will be referred to herein as they appeared in the court below, wherein plaintiff in error was defendant and defendant in error was plaintiff. This action was commenced on the 20th day of May, 1911. In the petition it is substantially alleged that plaintiff was the owner of certain steer cattle; that on the 4th day of April, 1908, he shipped said cattle to market over the St. Louis & San Francisco Railway to Kansas City, Mo.; that on said day the defendant also shipped to the same market and over said railway certain other cattle, consisting of steers, heifers, and calves, and of a grade inferior to the cattle of the plaintiff; that plaintiff did not accompany his cattle to market, but delivered to the defendant his shipper's live stock contract and requested defendant, who went with said cattle, to care for same en route; that at Enid, Okla., all of said cattle were unloaded, to be fed and watered, and while there in the stock pens were, by permission of defendant, mixed and mingled together, and a number of defendant's cattle, of an inferior grade, were loaded into the plaintiff's car, and an equal number of paintiff's high-grade cattle were placed in the cars of defendant; that defendant, knowing that plaintiff's cattle were so loaded into his cars, willfully, wrongfully, and fraudulently converted said cattle to his own use and benefit, and substituted for said cattle of the plaintiff so converted other cattle,

of an inferior grade and less value; that said cattle so substituted and placed in plaintiff's car were delivered at Kansas City to a live stock commission company, agent of the plaintiff, and sold on the 7th day of April, 1908, for the sum of $539.09, whereas the value of said cattle of the plaintiff, originally shipped and contained in his car, was the sum of $912 on said market; that plaintiff was thereby damaged in the sum of $372.91. It is further alleged:

"That plaintiff did not dicoveer said fraud and did not know said C. W. Maddox had fraudulently converted plaintiff's cattle until the 1st day of October, 1911."

There was prayer for a judgment for $372.91 actual, and $1,000 exemplary, damages. The defendant demurred to said petition, for the reasons: (1) That same does not state a cause of action against defendant; (2) "that said petition, and each paragraph thereof shows upon its face that the cause of action therein set up is barred by the statute of limitations." Demurrer being overruled, defendant answered by general denial and plea of the statute of limitations. The cause was tried to a jury, and resulted in a verdict and judgment for plaintiff in the sum of $372.91 actual damages, $80.75 interest thereon, and $250 exemplary damages. The evidence substantially conforms to the petition and amply sustains the verdict.

Numerous errors are assigned. Those urged in the brief of the defendant are: (1) Error of the court in overruling the demurrer to the petition; (2) in refusing to instruct the jury to return a verdict for defendant; (3) in instructions given and refused; and (4) that the verdict is excessive.

Defendant contends that the cause of action, not having been commenced within two years after the alleged conversion, is barred by the statute of limitation; that the allegations of fraud on the part of the plaintiff were improper and unnecessary to a

recovery, and did not have the effect of bringing plaintiff within the provisions of the statute of limitations (subdivision 3, sec. 4657, Rev. Laws 1910,) and that the allegation that "plaintiff did not discover said fraud, and that said C. W. Maddox had fraudulently converted plaintiff's cattle until the 1st day of October, 1910," is insufficient, being a mere conclusion. To this we cannot agree. That the defendant fraudulently converted the cattle of plaintiff is the very gravaman of the petition, and is properly and sufficiently pleaded. The allegation that "plaintiff did not discover said fraud, and that said C. W. Maddox had fraudulently converted plaintiff's cattle, until the 1st day of October, 1910," is not a mere conclusion, but is an allegation of fact, and adequately meets the requirements of the recognized rules of pleading. Section 4657, Rev. Laws 1910, provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Third, Within two years; * * * an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

In *Kansas Pacific Railway Co. v. McCormick,* 20 Kan. 107, Mr. Justice Brewer announces the rule as follows:

"The statute aims to settle the question of limitation, and it is not left to the discretion of the chancellor. The action may be brought at any time within two years after discovery of the fraud. It may not be brought thereafter. The question is, When did the plaintiff discover the wrong? and not, Was he diligent in its investigation? The question is one of time, and not of conduct. The statute requires in a petition a concise statement of the facts constituting the cause of action; but the manner in which the fraud has been discovered is no part of or element in such

cause of action. The cause of action is in the wrong done; and, even the time of discovery, is a matter affecting solely the statute of limitations, and that statute of limitations, andetaoinshrd of limitation, and that statute has regard to the time, and not to the manner, of discovery."

See, also, *Stearns v. Hochburnn,* 24 Wash. 206, 64 Pac. 165.

It is also contended that there was error in refusing to instruct the jury to return a verdict for defendant, for the reason that plaintiff had failed to exercise diligence in discovering, or attempting to discover, the alleged fraud of defendant. The evidence discloses that plaintiff believed that the St. Louis & San Francisco Railway Company, and not the defendant, had mixed his cattle with others and had converted them; that plaintiff had brought suit against such railway company for damages arising therefrom, and upon the trial of said case learned for the first time that defendant had fraudulently converted said cattle, sold the same, and retained the proceeds, whereupon this action was commenced. Upon such evidence the jury very properly found that there was no lack of diligence upon the part of plaintiff in this regard. There was evidence introduced, however, showing that the Stockyards Company at Kansas City kept a record, made at the time, open to inspection by the public, showing all shipments and sales of cattle received at such yards. It is contended that such record is a public record, and gave to plaintiff constructive notice of the fact that defendant had sold the cattle of plaintiff and received the proceeds thereof, which was sufficient to start the running of the statute immediately thereafter. Such stockyards record is not a public record provided by law to be kept; and there is nothing in the evidence to indicate that prior to the trial in the instant case, plaintiff, who was a resident of Oklahoma, had ever been in Kansas City, or was aware that such record existed. Therefore the rule as to notice, invoked in cases involving transactions required by statute to be made matters of record, obviously does not apply here.

We have carefully examined the instructions of the court given to the jury, and are of the opinion that the same present the law applicable to the case in a fair and impartial manner.

It is further contended that the verdict is excessive, in that the jury were not authorized under the evidence to return the verdict for exemplary damages, and that the court had failed to instruct thereon. An examination of the record convinces us that there was no error in this respect.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.