## KNAUSS v. ISENBEIS.

No. 20281.   Opinion Filed April 12, 1932.

J. O. Whiteside, for plaintiff in error.

Cheek & McRill, for defendant in error.

KORNEGAY, J.  This is a proceeding to review the action of the district court of Oklahoma county in sustaining a demurrer to the first amended petition of the plaintiff in error, the plaintiff below.  A petition was filed in this case to rescind a contract of purchase of lots 10 and 11, in block 5, in the Capitol Court addition to Oklahoma City, which is set out as an exhibit to the original petition, and was dated the 3rd of April, 1925.  There was an allegation in the original petition that a contract had preceded this, dated February 10, 1922, in which the purchase price was $1,690, payable in monthly installments of $20 each, that the plaintiff could not set out a copy of because it was in the possession of the defendant.

In the contract that was set out, the agreement was to pay $1,356, at the rate of $15 per month, beginning the 1st of May, 1925. Possession of the property was delivered to the present plaintiff, with stipulation to pay taxes and assessments, and to commit no waste, and to keep the property insured for $1,000 for the benefit of the defendant, with option of rendering the contract void for nonpayment of installments, or to collect the unpaid installments.  It is further stipulated that the deed should be made upon completion of the payments.  A statement of the payments, beginning on February 10, 1922, and extending to September 1, 1928, totaling $1,043.03, is set out.

A demurrer was filed to this petition because it did not state facts sufficient to make a cause of action, and an amended petition, styled "First Amended Petition," was filed. The charging part of the amended petition is as follows:

"That plaintiff is an ignorant, illiterate and uneducated person, inexperienced in business transactions, and was during the time hereinafter mentioned, wholly without knowledge as to the value of real estate in the city of Oklahoma City, Okla.

"That, on or about the 10th day of February, 1922, plaintiff was approached by said defendant, W. F. Eisenbeis, who wanted to sell to this plaintiff lots ten (10) and eleven (11) of block five (5) Capitol Court addition to the city of Oklahoma City, for the sum of $1,690, payable in monthly installments of $20 each, according to the terms of a certain written contract dated February 10, 1922, which said contract was signed by both plaintiff and defendant. A copy of said contract is not attached hereto, for the reason that the same is in the possession of the defendant herein, and cannot be obtained by plaintiff.

"Plaintiff further states that during the early spring of the year 1925, he advised said defendant that he would be unable to comply with the terms of said contract for the reason that he could not make the payments therein specified; that thereafter, on the 3rd day of April, 1925, plaintiff and defendant entered into a new contract, by the terms of which it was understood and agreed that plaintiff should pay the unpaid balance on the original contract in the sum of $1,300.56, in monthly installments of $15 each, and, in addition thereto, plaintiff agreed to insure the building upon the premises for the sum of $1,000.  A copy of said contract is attached hereto, marked plaintiff's 'Exhibit A' and made a part of this petition.

"Plaintiff further states that the said defendant did, on the 10th day of February, 1922, and on the 3rd day of April, 1925, and on several dates thereafter, up to and including the 1st day of September, 1928, state and represent to him that said property was worth considerably more than the sum of $1,690, and that said property was priced to this plaintiff below the market value.  And plaintiff states that, on or about

the 4th day of September, 1928, he discovered that said property was worth, not to exceed the sum of $300, and that the statements and representations of the defendant were material, and were false, and that the defendant knew, they were false; that said statements and representations were made by the defendant with the intent that they should be acted upon and relied upon by plaintiff; that this defendant did accept said statements and representations as true, and while so relying upon said statements and representations, signed and executed the contracts herein referred to; and while so relying upon the truthfulness of said statements and representations made by said defendant, he paid to the said defendant the sum of $1,043.03, and thereby suffered injury or loss of the sum of $1,043.03, all of which was caused by the false, fraudulent statements and representations made by the said defendant to this plaintiff.

"Plaintiff further says that his ignorance and illiteracy was well known to the defendant, and that the said defendant continued, from and after the 10th day of February, 1922, and April 3, 1925, respectfully, to misrepresent the value of said property, in order to mislead him, and to prevent the discovery of the fraud, and thereby attempt to defeat plaintiff's right of recovery.

"Plaintiff further states that the said property, at the time the same was purchased by him, was not modern in any respect, and is not now modern; that the only improvement upon said property was a garage building, ten (10) feet wide, by twenty (20) feet long, which building was cheaply constructed, and was worth not to exceed the sum of $150; and that said property, as a whole, was, on the 10th day of February, 1922, and is at the present time, worth not to exceed the sum of $300.

"Plaintiff further states that from and after the 10th day of February, 1922, he has paid to the said defendant to be applied upon the purchase price of said property, the total sum of $1,043.03, and that all of said payments were made at the office of the said defendant, on the dates, and in the amounts as shown by plaintiff's 'Exhibit B' which is hereto attached, and made a part of this petition.

"Plaintiff further says that his signature upon said contracts, together with the sum of $1,043.03, paid by him to the said defendant, were obtained through the false and fraudulent statements and misrepresentations made by the said defendant to this plaintiff; and that the fraud and deceit on the part of the defendant entitles plaintiff to a rescission of said contracts and each of them; and plaintiff is further entitled to have and recover from and of the defendant, the sum of $1,043.03, being the amount heretofore paid by plaintiff to the defendant, while relying upon the statements and representations made to him by the said defendant. And plaintiff now, in open court, tenders to the defendant his quitclaim deed, conveying to the defendant such interest as he may have in the said property by reason of the contracts herein referred; and plaintiff further tenders to the said defendant the possession of said property, in a better condition than when received by this plaintiff."

The lower court sustained a demurrer to this petition, and its action in so doing is now complained of. In the brief it is claimed that the demurrer admits the truth of all facts well pleaded in the petition, and certain cases are cited to show that, and the argument is made that it is admitted by the demurrer that plaintiff is ignorant, illiterate, and inexperienced in business transactions, and wholly without knowledge as to the value of real estate in Oklahoma City, and that he did not discover that the property was worth not more than it really was until the 1st of September, 1928. It is admitted in the brief, however, that the petition might have been made more definite and certain by stating:

"* * * That plaintiff is more than an illiterate person, and that he has been an incompetent, if not insane, from the time he was 12 years of age. And the petition might have been made more definite and certain by stating the facts and circumstances surrounding the discovery of the fraud, but the failure to allege these facts would not render the petition demurrable."

The provisions of the limitation statute as to fraud and its discovery are cited. The case of Waugh v. Guthrie Gas, etc., Co., 37 Okla. 239, 131 P. 174, is cited, as well as Maddox v. Smith, 46 Okla. 678, 148 P. 842.

We think that it was very unfortunate that the pleader did not set out imbecility of the plaintiff in the court below. There does not appear to be alleged anything herein except a misrepresentation as to value. So far as this petition is concerned, the plaintiff had no defects except illiteracy and want of knowledge of values. The first he could not help, but a great many illiterate men are better versed in values than a great many who have gone through the universities and colleges.

The lower court found that the petition did not state sufficient facts to constitute actionable fraud. Fraud varies, and no exact definition can be made of it, but, under the circumstances in this case, if the pleader knew the condition of the plaintiff to have been that of a weak-minded person, amount-

ing to practical insanity, he should have alleged it. Not having done so, we do not think the lower court erred in sustaining the demurrer to the petition, and the case is accordingly affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY and ANDREWS, JJ., absent.