THE MILWAUKEE MECHANICS' INSURANCE COMPANY
v. M. A. WINFIELD.

### No. 164.

1. PLEADING IN DISTRICT COURT—*allegation that party has performed conditions precedent sufficient.* Where the plaintiff alleges in his petition that he has performed all the conditions precedent on his part, such allegation is sufficient under section 122 of the Civil Code to tender the issue to the defendant.

2. INSURANCE—*allegation denying liability waives right to proof of loss.* If the allegation that an insurance company has denied all liability and refused to pay the whole or any part of a loss is true, the insured is relieved from the necessity of making proofs of loss, and the company waives the right to insist upon such proof or to claim the sixty days for payment.

3. —— *special agent investigating loss is sufficient notice to company.* Where the insured gives notice of his loss to the local agent of the company, and the special agent comes to investigate the loss, and the inventory of the insured is submitted to such special agent and he declines to receive the same for the reason that a schedule is attached thereto containing property for which he claims the company is not liable, the assured must be held to have given sufficient notice and to have furnished a sufficient inventory.

4. —— *denial of liability by company for some articles destroyed does not waive proof of loss.* An insurance company, by denying its liability for a portion of the articles contained in the inventory of the insured, does not thereby waive its right to demand proofs of loss and an inspection of documents or certified copies thereof, if their right to these things is stipulated in the policy.

528          INSURANCE CO. v. WINFIELD.

S. Dept.          Opinion.   Dennison, P. J.      6 Kan. App.

Error from Neosho District Court.   Hon. L. Still-well, Judge.   Opinion filed December 22, 1897.   *Reversed.*

*Quinton & Quinton,* for plaintiff in error.
*J. L. Denison* and *H. P. Farrelly,* for defendant in error.

DENNISON, P. J.   This action was commenced in the District Court of Neosho County, Kansas, to recover upon a policy of insurance written by the Milwaukee Mechanics' Insurance Company, in favor of Mrs. Winfield, upon "her stock of implements, buggies, spring wagons, sewing-machines, separators, steam-engines, horse-power and machine fixtures, baled broom-corn, baled hay, grain, seeds of all kinds, and such other merchandise as is usually kept in a grain and implement store and warehouse, her own, or held by her in trust or on commission or sold but not delivered," all contained in a certain building in Chanute, Kan.   The policy authorized forty-five hundred dollars other concurrent insurance.   The policy insured Mrs. Winfield against loss or damage by fire, not exceeding one thousand dollars, for the period of one year from December 9, 1891, and the Company received eleven dollars as the premium therefor.

On January 23, 1892, the property covered by the policy was wholly destroyed by fire.

The petition sets out a copy of the insurance policy and alleges that on the —— day of January, 1892, satisfactory proof of loss was made to the Company, that it made a full and complete examination of the loss, and that afterward it denied all liability and refused to pay the whole or any part of the loss.

INSURANCE CO. v. WINFIELD.    529

Dec. 22, 1897.    Opinion.  Dennison, P. J.    E. Div.

Counsel for plaintiff in error contend that the court erred in overruling the objection to the introduction of any evidence under the plaintiff's petition. The petition alleges that "the plaintiff has performed all the conditions precedent on her part." This is sufficient, under section 122 of the Civil Code, to tender the issues to the defendant. It is also claimed that the petition shows upon its face that the action was prematurely brought, for the reason that the policy provided that the sum for which the Company is liable shall be payable sixty days after satisfactory proofs of loss have been received by the Company, etc. This question has been settled by our Supreme Court in the case of *Cobb v. Ins. Co. of N. A.*, 11 Kan. 93.

The allegation in the petition that the defendant "denied all liability and refused to pay the whole or any part of said loss," if true, relieved the insured from the necessity of making proofs of loss, and the Company waived the right to claim the sixty days for payment. Of course, when a petition is attacked by demurrer or objection to the introduction of evidence thereunder, the allegations of the petition are taken as true. We must therefore hold that the petition filed herein states facts sufficient to constitute a cause of action against the plaintiff in error, and the court committed no error in its rulings thereon.

It is also contended that the court erred in overruling the demurrer of the plaintiff in error to the evidence of the defendant in error. According to the terms of the policy, the insured must give to the Company notice in writing of the loss and make a complete inventory of the property injured or destroyed, stating the quantity and quality of each article and the amount claimed thereon. The evidence of the

34—6 KAN. APP.

defendant in error shows that each of these things was done by her. She gave notice to the local agent, and the special agent came and spent some three days in investigating the loss, and while in Chanute, the insured, by her agent, Samuel Winfield, submitted to said special agent the inventory as required by the policy.

The inventory contained a list of threshing machines belonging to one C. F. Prange, who was storing the same in the building occupied by Winfield, under an agreement with Winfield to store and insure the same for Prange. M. W. Van Valkenburg, the special agent, denied the liability of the Company for the machinery of Prange, and refused to accept the inventory of Winfield unless he would detach the schedule covering Mr. Prange's property. This refusal was testified to by Samuel Winfield and for the purposes of the demurrer must be taken as true.

It is clear that a notice and inventory such as are required by the policy had been made, or at all events waived by the conduct of the special agent.

The policy also contains the following clause :

"And within sixty days after the fire, unless such time is extended in writing by this Company, shall render a statement to this Company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire ; the interest of the insured, and of all others in the property ; the cash value of each item thereof, and the amount of loss thereon ; all incumbrances thereon ; all other insurance ; a copy of all descriptions and schedules in all policies ; any changes in the title, use, occupation, location, possession or exposure of said property ; and shall furnish, if required, verified plans and specifications of any buildings, fixtures or machinery destroyed, and shall produce for examination all the books of account, bills, invoices, and other vouchers or certified copies thereof if the origi-

INSURANCE CO. V. WINFIELD.            531

Dec. 22, 1897.        Opinion.   Dennison, P. J.            E. Div.

nal be lost, at such reasonable place as may be designated by this Company or its representatives."

There is no contention that this stipulation is not binding upon the insured.   She must make this sworn proof of loss unless such proof is waived by the Company.   There is no evidence that such proof was made or attempted to be made.   It is contended by the defendant in error that, by its denial of liability under the policy, the Company waived its right to insist upon such proof.

We have searched the record in vain for any evidence that the Company or any one for it denied the liability of the Company for any loss under the policy, or refused to pay anything under it.   On the contrary, Mr. Winfield testifies that the special agent told him that if he would detach the Prange schedule and let Mr. Prange take care of himself, he would then receive the inventory, and they could then probably go on and complete the adjustment.   Surely the Company can deny being liable for a portion of the amount claimed, without thereby waiving its right to insist upon proof of loss as to the remainder.   In an endeavor to adjust a loss, if the agent of the Company denies all liability under the policy, it thereby renders proof of loss useless.   The insured is relieved from making proof because the Company has in effect said to him, "We are not liable to pay your loss even though you make such proof as is required by the policy."   But certainly the Company, in endeavoring to make an adjustment, can deny its liability upon a portion of the claims made against it, without waiving its right to insist upon the terms of the policy.

Further than this, the following notice was introduced in evidence for the defendant in error upon the cross-examination of Samuel Winfield :

" CHANUTE, KAN., February 6, 1892.

" To M. A. Winfield, Chanute, Kan.: You are hereby notified that the statement presented by you through Samuel Winfield, who represents himself to be your attorney in fact, and purporting to show a claim against the companies represented by us, is not sufficient, and cannot be accepted by us. From it we are unable to ascertain from what sources or to what extent in amount your purchases have been, or what the amount of your sales or consignments was at any time during the year 1891 and prior to the date of the alleged fire—you having alleged that everything in the nature of any data relating thereto for the year 1891 and up to and including the date of the alleged fire has been destroyed. We are not in a position to admit or deny liability at this time. You are hereby requested, as required by the printed conditions of our policies, to produce certified copies of all bills or other evidences of your purchases, either for cash or credit, or of any property consigned to you on commission from any and all parties with whom you have transacted business during the year 1891 and up to and including the date of the alleged fire, and alleged to have been destroyed or damaged. Also, certified copies of all shipments or consignments or sales made by you during the year 1891 and up to and including the date of the alleged fire; also certified copies of your general banking account with any bank or banks, showing the amounts drawn by you by checks or otherwise for the purchase of any property during the year 1891 and up to and including the date of the alleged fire; and any other data or evidence which you may have or can procure bearing upon your alleged claim. In making these requests it is understood that we waive none of the conditions of our policies, but shall expect a strict compliance with the printed conditions thereof on your part.

THE LIVERPOOL & GLOBE INSURANCE COMPANY.
By M. W. Van Valkenburg, *Special Agent.*
THE MILWAUKEE MECHANICS INSURANCE COMPANY.
By M. W. Van Valkenburg, *Special Agent.*
ROCKFORD INSURANCE COMPANY.
By F. T. M. Wenie, *Special Agent.*

The special agent states in this notice that he is not in a position to admit or deny liability. This notice also requests the insured to produce and furnish certified copies of certain bills and evidences of purchases and shipments, consignments and sales and bank accounts, etc. The policy stipulated that the insured should furnish certified copies of these documents and transactions, if the originals were lost.

The proof shows that the originals were lost by being burned. Mr. Winfield, however, testifies that he could have furnished certified copies of most of these things, but that he did not do so.

Instead of making proof of loss, or of complying with the request in the notice to furnish certified copies, the defendant in error commenced suit to recover the amount of the policy. It certainly cannot be said that the Company waived its right to require the insured to do the things it specially demanded of her.

The judgment of the District Court is reversed and the cause remanded for further proceedings.