No. 20,659.

FRANK B. McCLUN, *Appellant*, v. W. T. LUTZ, *Appellee*.

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Corporations—Bankruptcy—Unpaid Stock—Subscriptions*. The defendant subscribed two thousand dollars to the capital stock of a corporation and paid five hundred dollars thereon. The corporation became insolvent and was declared a bankrupt in November, 1908. In January, 1911, the trustee in bankruptcy was ordered to bring suit to compel payment of fifty per cent of the unpaid subscriptions to the capital stock, if the same were not paid before April 1, 1911. The right to recover from the defendant the fifty per cent of his' unpaid subscription was sold and assigned to the plaintiff by the trustee in bankruptcy. In January, 1915, suit was brought to recover that fifty per cent of the unpaid subscription. *Held*, that the action was barred by the statute of limitations at the time it was commenced.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed February 10, 1917. Affirmed.

*I. D. Young*, and *J. E. Tice*, both of Beloit, for the appellant.

*Frank A. Lutz*, and *A. E. Jordon*, both of Beloit, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment overruling his demurrer to the defendant's answer. The petition discloses that in January, 1904, the defendant subscribed for twenty shares, of one hundred dollars each, of the capital stock of the J. Dixon Avery Company, an Illinois corporation, for which stock the defendant agreed to pay the sum of two thousand dollars; that five hundred dollars was paid on this subscription; that the capital stock of the corporation was fifty thousand dollars, which was fully subscribed but not fully paid; that the corporation afterward became insolvent and was, on the 18th day of November, 1908, adjudged a bankrupt by the United States district court for the northern district of Illinois; that on January 31, 1911, an order was made in the bankruptcy proceeding, directing the stockholders to pay to the

trustee in bankruptcy, on or before April 1, 1911, fifty per cent of the amount unpaid on their subscriptions, and authorizing and directing the trustee in bankruptcy, in default of such payment, to cause suit to be brought in any court of competent jurisdiction to recover one-half of the unpaid subscriptions; that this order directed the defendant to pay to the trustee seven hundred fifty dollars; that no suit was commenced by the trustee against the defendant to recover this amount; and that on February 24, 1913, under an order of the court in which the bankruptcy proceeding was pending the claim against the defendant for the seven hundred fifty dollars was sold and assigned to the plaintiff in this action.

The petition in the present action was filed January 27, 1915. The defendant's answer pleaded both the three-year and the five-year statute of limitations. The demurrer to the answer presented this question: Was this action barred by the statute of limitations at the time it was commenced?

The plaintiff contends that his cause of action did not accrue until April 1, 1911, and that his action is founded on a contract in writing—the subscription for the stock. The defendant contends that the action is founded on an obligation created by statute.

When the J. Dixon Avery Company was declared a bankrupt it was the duty of the trustee in bankruptcy to collect the assets of the bankrupt's estate and apply them in discharge of its debts. The defendant's unpaid subscription to the capital stock of the bankrupt corporation was a part of the assets of that corporation. The order of the United States district court directing the trustee to commence an action against the defendant to recover the unpaid subscription could have been made at any time after the corporation was declared a bankrupt. An action could then have been maintained against the defendant to recover the amount of the unpaid subscription. Everything in this case is effectively disposed of by West v. Bank, 66 Kan. 524, 72 Pac. 252. There this court said:

"So long as a private corporation is a solvent and going concern the statute of limitations does not begin to run on a stockholder's subscription to its capital stock, to be paid at intervals upon the call of the board of directors, until a call has been made.

"When a private corporation becomes insolvent and suspends active business, or when it closes its doors and ceases all its usual and ordi-

nary business, leaving debts unpaid, the statute of limitations begins to run at once on a stockholder's subscription to its capital stock, to be paid at intervals upon the call of the board of directors, and then subject to call, even though no call be made. (Syl. ¶¶ 1, 2.)

"It' is established law in this state that when some preliminary action is an essential prerequisite to the bringing of a suit, and such action rests with the 'claimant, he can not defeat the operation of the statute of limitations by long and unnecessary delay in taking the antecedent step; and the statute will begin to run within a reasonable time after the party could, by his own act, perfect his right, which reasonable time will not, in any event, extend beyond the statutory time fixed for bringing the suit. This doctrine has been stated and restated, illustrated and illuminated, applied and reapplied, until it has become a truism." (p. 527.)

Since *West v. Bank,* supra, was decided, the same principles have been declared in numerous cases decided by this court. More than six years elapsed between the day when the J. Dixon Avery Company was declared a bankrupt and the day when this action was commenced. Whether based on a contract in writing or on a liability created by statute, the action was barred by the statute of limitations.

The judgment is affirmed.