No. 23,646.

E. P. NORTON et al., *Appellants*, v. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF MONTGOMERY, *Appellee.*

### SYLLABUS BY THE COURT.

1. ROAD IMPROVEMENTS—*Injunction Proceedings Begun Too Late.* An
   action to enjoin a board of county commissioners from proceeding with
   the improvement of a road under chapter 246 of the Session Laws of
   1919 cannot be maintained where the action is not commenced within
   thirty days after the making of the order directing the improvement.

2. SAME—*Demurrer—Statute of Limitations.* A demurrer to a petition
   which shows on its face that the cause of action is barred by a statute
   of limitations is properly sustained.

3. SAME—*Delay of Two Years—Jurisdiction Not Lost.* A delay of two
   years in commencing the improvement of a road under chapter 246
   of the Laws of 1919 will not necessarily deprive the board of county
   commissioners of the power to make the improvement.

Appeal from Montgomery district court; JOSEPH W. HOL-
DREN, judge. Opinion filed July 9, 1921. Affirmed.

*A. L. Billings,* of Independence, for the appellants.

*Richard J. Hopkins,* attorney-general, *Alfred G. Armstrong,*
county attorney, and *Donald W. Stewart,* assistant county at-
torney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs appeal from a judgment sus-
taining a demurrer to their petition. Briefly summarized, the
petition alleged that on June 23, 1919, a petition for the im-
provement of a road, under chapter 246 of the Laws of 1919,
was filed with the board of county commissioners of Mont-
gomery county; that the petition was granted July 7, 1919;
that notice to landowners was published as required by law
immediately thereafter; that request was made for Federal
aid; that delay occurred; that about April 6, 1921, the com-
missioners caused to be republished the resolutions and pro-
ceedings of the board adopting the petition; that arrangements
were made for preliminary surveys; and that the board de-
termined to construct the road by day labor, and immediately

proceeded to build the road. The petition, filed May 18, 1921, further alleged that the road petition was not signed by the requisite number of legally qualified petitioners; that the signers did not represent the requisite proportion of the land within the district; and that the commissioners did not examine the petition to ascertain whether the petitioners were qualified, or whether they owned the requisite amount of land. The petition contained other allegations attacking the legality of the road petition, and alleged that the illegalities "were and are the substantial equivalent to fraud." The demurrer set out as one of its grounds that the cause of action sought to be pleaded was barred by the limitation contained in section 1 of chapter 246 of the Laws of 1919. The questions presented are, did the petition show on its face that the cause of action therein alleged was barred by the statute named; could the question of the statute of limitations be raised by demurrer; and did the delay that occurred between the time the petition was originally granted and the commencement of construction deprive the board of county commissioners of power to build the road under the road petition that had been filed and the order that had been made.

1. Section 1 of chapter 246 of the Laws of 1919 provides that—

"No action shall be brought to restrain the making of such improvements, or payment therefor, or levy of taxes or special assessments or issuance of bonds therefor, on the grounds of any illegality in said petition, or in any proceedings prior to said order, or in said order, unless such action be commenced within thirty days after the date of said order."

By this statute the action was barred at the time it was commenced, under numerous decisions of this court, some of which are *Rockwell v. Junction City*, 92 Kan. 513, 141 Pac. 299; *Railway Co. v. City of Chanute*, 95 Kan. 161, 147 Pac. 836; *Wyandotte County v. Haskell*, 97 Kan. 304, 154 Pac. 1029; *Park Association v. City of Hutchinson*, 102 Kan. 488, 171 Pac. 2. In these actions the validity of proceedings by cities ordering public improvement therein was sought to be contested. There can be no difference between such actions and those to contest proceedings by a board of county commissioners for the improvement of public roads, where they are governed by a similar statute of limitations.

The plaintiffs rely on *Stevenson v. Shawnee County*, 98 Kan. 671, 159 Pac. 5, where it was said that—

"A cause of action is stated in a petition which alleges that the petition to the board of county commissioners did not have the requisite number of signatures, that it was signed by persons not *bona fide* owners of property in the designated district, and that the commissioners made no investigation of the sufficiency of the petition, but without evidence of its legality and its sufficiency and in disregard of their official obligation and duty, arbitrarily ordered the improvement of the road." (Syl. ¶ 9.)

In that case there was no question about any statute of limitations; the board of county commissioners there proceeded under chapter 201 of the Laws of 1909, which did not prescribe any limitation concerning the time within which an action should be brought.

The plaintiffs further seek to avoid the consequences of the limitation prescribed by the law of 1919 by arguing that the irregularities alleged do not charge illegalities in the road petition, or in any proceeding prior to the order, or in the order made by the county commissioners. The allegations of the plaintiffs' petition, if true, would render the road petition illegal—an illegality in the petition. Ascertaining the qualification and sufficiency of the road petitioners was necessarily a proceeding prior to the order, and the failure of the commissioners to make such an examination entered into the order. It follows that the allegations of the petition of the plaintiffs brought the action within the provision of that part of the law that has been quoted.

The plaintiffs urge that the two-year statute of limitations governing actions for relief on the ground of fraud controls. The statute of limitations provides that—

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation." (Civ. Code, § 14.)

This section provides that the general statute of limitations shall not apply where by statute a different limitation is prescribed. Here, a different limitation is prescribed, and it must control.

2. The plaintiffs urge that the question of the statute of

limitations should have been raised by answer. In *Zane v. Zane*, 5 Kan. 134, it was said:

"A petition that shows upon its face that the cause of action is barred by the statute of limitations does not state facts sufficient to constitute a cause of action." (Syl. ¶ 1. See, also, *Walker v. Fleming*, 37 Kan. 171, 14 Pac. 470; *Chellis v. Coble*, 37 Kan. 558, 15 Pac. 505; *Rice v. Moore*, 48 Kan. 590, 30 Pac. 10; *Perry v. Robertson*, 96 Kan. 96, 150 Pac. 223; 25 Cyc. 1397.)

3. There was delay in building the road, caused by endeavoring to secure Federal aid in its construction. Some time must elapse after a petition for the construction of such a road has been granted before work can be commenced, and before it can be completed. The statute does not say when the work shall begin nor when it shall be finished. There is nothing in the petition to show that the commissioners had lost jurisdiction over the matter; nothing to show that the project was ever abandoned; and nothing to show that the commissioners were not, during all the time, in good faith, attempting to secure the construction of the road.

The judgment is affirmed.