No. 25,721.

THE KANSAS STATE BANK, *Appellee*, v. (R. W. SAMUELSON, *Appellee*) M. C. SHAIBLE, *Appellant*.

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Pleadings—Demurrer*. A pleading which shows upon its face that the cause of action is barred by the statute of limitations is demurrable.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed March 7, 1925. Reversed.

*David Ritchie,* and *Omer D. Smith,* both of Salina, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:    The action was one to recover a stockholder's statutory liability for the benefit of a failed bank.

The Kansas State Bank of Salina failed, and on May 29, 1919, a receiver was appointed to wind up its affairs. On August 10, 1920, this action was filed against the defendant Samuelson. It was alleged in the petition that Samuelson was the owner and holder of seven shares of stock in the bank of the par value of $100 each, and was liable to the bank in the sum of $700. The case remained pending in the district court until February 17, 1923, at which time Samuelson, on leave of court, made the defendant Shaible a codefendant, and filed a cross petition against him, alleging that prior to the appointment of the receiver he (Samuelson) sold, assigned and delivered his stock (in the plaintiff bank) and transferred and delivered the certificate evidencing the fact, to his codefendant Shaible; that Shaible accepted the transfer and thereafter assumed to be and was a stockholder in the bank by virtue of said purchase, and was such at the time of the appointment of a receiver and at all times since. Samuelson admitted the appointment of the receiver May 29, 1919. (Other allegations of the petition and cross petition need not be set out.) Shaible pleaded, by general demurrer, that the petition and answer and cross petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff or in favor of the defendant Samuelson against him (Shaible). The court overruled Shaible's demurrer, and he appeals.

It is Shaible's contention that the cause of action attempted to be stated against him in Samuelson's cross petition is barred by the statute of limitations. There is no appearance by Samuelson. We do not, therefore, have the benefit of his theory or contention.

The statute under which the action was originally brought reads:

"The shareholders of every bank organized under this act shall be additionally liable for a sum equal to the par value of stock owned, and no more." (R. S. 9-110.)

The bank became insolvent sometime prior to the 29th of May, 1919. A receiver was appointed on that day. Any time thereafter the receiver could have maintained an action against Samuelson to recover his liability as an owner of the stock in question. If, as alleged by Samuelson, he transferred the stock to Shaible and Shaible became liable as the owner thereof, then, as between Samuelson and Shaible, Shaible occupied a position similar to that of principal and Samuelson to that of surety. The statute provides:

"A surety may maintain an action against his principal to compel him to discharge the debt or liability for which the surety is bound, after the same has become due." (R. S. 60-426.)

It would, therefore, appear that the shareholder's liability became due as soon as the receiver was appointed, and immediately thereafter Samuelson could have maintained an action against Shaible to compel him to discharge such liability. Under the circumstances did not the statute run against Samuelson in favor of Shaible? Section 60-306 of the Revised Statutes provides:

"Civil actions, other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . .

"Second. Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

The pleadings disclosed no written contract, so that Samuelson's cause of action against Shaible must have been one of·the two mentioned in the second division of the statute last above quoted. That is, it must have been a contract not written, expressed or implied; or it must have been a liability created by a statute other than a forfeiture or penalty. In either case the action against Shaible must have been brought within three years from the time it accrued.

The receiver was appointed May 29, 1919. The cross petition was filed February 19, 1923, or nearly four years after the statute had

begun to run. We are of the opinion that the cross petition failed to state facts sufficient to state a cause of action against Shaible and that his demurrer should have been sustained. (*Perry v. Robertson*, 93 Kan. 703; id., 96 Kan. 96; *Norton v. Montgomery County*, 109 Kan. 559, 199 Pac. 388.)

The judgment is reversed and the cause remanded with directions to sustain the demurrer.