No. 33,813

DORA SCOVILL RYAN and MARTHA SCOVILL CRANE, *Appellees*, v. (Addie Scovill) GRANT BURTON, *Appellant*.

(78 P. 2d 877)

Opinion filed May 7, 1938.

*E. C. Wilcox* and *J. Howard Wilcox,* both of Anthony, for the appellant.

*Harry B. Davis,* of Anthony, *Clark A. Wallace* and *Paul R. Wunsch,* both of Kingman, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the court overruling a demurrer to the petition in an action against the surety on the

bond of a trustee. Two previous cases in this court (*Ryan v. Scovill,* 140 Kan. 588, 37 P. 2d 1007, and *Scovill v. Scovill,* 144 Kan. 759, 62 P. 2d 852) involve different phases of the same controversy. The allegations of the petition may be summarized as follows: Addie Scovill obtained a divorce from her husband, Fred Scovill, January 14, 1919. They then had four children—a grown married daughter, a son sixteen years of age, who stayed with his father, and two minor daughters, Dora, nine years of age, and Martha, five, the custody of whom was given to the mother. The parties agreed upon the disposition of their property. By one provision of this agreement liberty bonds and war savings stamps of the face value of $1,600 were to be placed in the hands of the mother, as trustee for the two minor daughters. The court approved this agreement and made an order placing the bonds and stamps in the hands of Addie Scovill, "as trustee for said minor children, which trustee shall execute a bond in the sum of sixteen hundred dollars conditioned that she will faithfully perform said trust and hold said bonds subject to the further order of said court in trust for said children." Addie Scovill gave the bond, which was signed as surety by her brother-in-law, Grant Burton, and the bonds and stamps were delivered to her. On June 21, 1937, upon the application of Dora Scovill Ryan and Martha Scovill Crane, then adults and married, being the same persons referred to in the divorce decree as the two minor children, the court made an order that the trustee, Addie Scovill, turn over to them the bonds and savings stamps she was ordered to hold for their benefit. She failed to do so, and this action was brought September 14, 1937, against her, and Grant Burton, as surety on her bond. It was alleged that the defendant, Addie Scovill, as trustee, had failed to comply with the order of the court, and, as plaintiffs are informed and believe, had disposed of the liberty bonds and war savings stamps without leave of court, and had used the proceeds thereof for her own use, or the use of some person unknown to plaintiffs; that plaintiffs had made demand upon her for the bonds and stamps, or their value, and that defendant had failed and neglected to deliver them, or their value, to plaintiffs. The prayer was for judgment against the trustee and the surety on her bond for $1,600, with interest since June 21, 1937. Attached to the petition as exhibits and made parts thereof are a copy of the decree in the divorce case, a copy of the bond, and a copy of the order of June 21, 1937.

Summons was served upon each of the defendants. It appears Addie Scovill has made default. Burton filed a motion to require the petition to be made more definite by setting out the date on which plaintiffs alleged Addie Scovill disposed of the bonds and stamps, the date plaintiffs, or either of them, discovered she had disposed of such bonds and stamps, and the dates on which plaintiffs became adults. This motion was overruled. The defendant Burton then demurred to the petition upon the ground, among others, that the petition did not state facts sufficient to constitute a cause of action against the defendant Burton and in favor of plaintiffs. This demurrer was heard and overruled, and the defendant Burton has appealed.

On this appeal the principal question argued is the statute of limitations (G. S. 1935, 60-307). Preliminary to that appellant contends that his motion to have the petition made specific as to the date plaintiffs claimed their mother, as trustee, wrongfully disposed of the bonds and stamps, the date plaintiffs learned of it, and the dates they respectively became of age, having been opposed by plaintiffs and overruled, he is entitled to have the petition construed more favorably to him in these respects. The point is well taken, under many of our decisions, from *Stewart v. Balderston,* 10 Kan. 131, to *Bell v. Bank of Whitewater,* 146 Kan. 901, 904, 73 P. 2d 1059. But neither the trial court nor this court need close its eyes to its own record. The opinion in *Ryan v. Scovill,* supra, discloses that the bonds and stamps were sold by the trustee in 1921 and the money loaned at a higher rate of interest to one regarded as being financially responsible; that this was done under the advice of her attorney and of a banker who had been her financial adviser, and that the plaintiffs learned of this as early as May, 1933. The petition in this action, with its exhibits attached, discloses that one of the plaintiffs was 28 years of age and the other 24 when this action was brought, and that the order of the court for the trustee to deliver the bonds and stamps, or their value, to plaintiffs was applied for and obtained less than three months before this action was brought.

The rule of law which governs the matter was well stated by Mr. Justice Burch in *West v. Bank,* 66 Kan. 524, 527, 72 Pac. 252, as follows:

"It is established law in this state that when some preliminary action is an essential prerequisite to the bringing of a suit, and such action rests with the claimant, he cannot defeat the operation of the statute of limitations by long and unnecessary delay in taking the antecedent step; and the statute will be-

gin to run within a reasonable time after the party could, by his own act, perfect his right, which reasonable time will not, in any event, extend beyond the statutory time fixed for bringing the suit. This doctrine has been stated and restated, illustrated and illuminated, applied and reapplied, until it has become a truism." (Citing many authorities.)

Later cases announcing and applying this principle of law are *McClun v. Lutz,* 99 Kan. 775, 777, 162 Pac. 1164; *Marsh v. Brown-Crummer Inv. Co.,* 138 Kan. 123, 128, 131, 23 P. 2d 465; *McCormick v. McCormick,* 140 Kan. 38, 40, 33 P. 2d 942; see, also, *Bell v. Bank of Whitewater,* 146 Kan. 901, 73 P. 2d 1059. The general authorities are to the same effect; 17 R. C. L. 755, 756; 37 C. J. 961, 965.

We have examined the authorities cited by appellees and find nothing in them contrary to the rules of law above stated. They argue, also, that the statute of limitations should be raised by answer. However, it has been repeatedly held that where a petition discloses on its face that the cause of action is barred by the statute of limitations the question may be raised by demurrer to the petition. See *Kansas State Bank v. Shaible,* 118 Kan. 73, 234 Pac. 40, and many other cases noted in Hatch. Dig. § 189, Lim. of Act. As was pointed out in *Scovill v. Scovill,* supra, the appellant here was a gratuitous surety and entitled to have statutes and rules of law designed for the protection of such a surety strictly construed in his favor.

Here it is clear the alleged wrongful disposition of the bonds and stamps occurred many years ago, and that plaintiffs knew of it as early as May, 1933. Under G. S. 1935, 60-307, each of the plaintiffs had one year after she attained her majority in which to bring this action, but one of them waited about seven years and the other about three. It is true it was necessary for them, before bringing the action, to get an order from the court for the trustee to turn the bonds and stamps, or their value, over to them. (*Scovill v. Scovill,* supra.) They had a reasonable time in which to obtain this order, but under the many authorities cited herein such reasonable time could not extend beyond the one year in which the action might be brought.

The result is, the demurrer should have been sustained. No good purpose will be served by continuing this litigation. The judgment of the court below will be reversed, with directions to sustain the demurrer to the petition. It is so ordered.

ALLEN, J., dissenting.