No. 40,142

CLARENCE J. CESSNA, *Appellee*, v. COFFEYVILLE RACING ASSOCIATION, INC., *Appellant*.

(298 P. 2d 265)

Opinion filed June 9, 1956.

*Roy Kirby*, of Coffeyville, argued the cause and *Clement H. Hall*, of Coffeyville, was with him on the briefs for the appellant.

*Payne H. Ratner, Jr.* of Wichita, argued the cause and *Payne H. Ratner, Louise Mattox, Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Ray A. Overpeck, Bernard V. Borst, H. K. Greenleaf, Jr., D. Clifford Allison,* all of Wichita, and *Richard L. Becker* and *Morris D. Hildreth,* both of Coffeyville, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, C. J.: This was an action for damages alleged to have been sustained when a wheel came off a racing automobile and hit plaintiff. Defendant's demurrer to plaintiff's amended petition was overruled. Defendant has appealed.

The petition alleged plaintiff lived in a house on the fairgrounds; that this house and the stables were adjacent to the race track owned by the city and leased to defendant; that the track was designed for running and trotting races; portions of the track were surrounded by a wire fence about six feet high; that defendant leased the track for the purpose of conducting automobile races and did conduct races according to rules established by it; that he was close to his house and in the area in which he performed his duties as a caretaker of horses; that defendant knew or should have known of the dangers surrounding the racing of automobiles on dirt tracks; that the track designed for horse races was relatively flat and without banks on the turns; that the omission of proper banks on the turns of the track subjected automobiles which raced over it to unusual and excessive strains, which in turn caused metal portions of the racing cars to break from the automobiles and travel off from the track at high velocities; the fence surrounding the track in the area where plaintiff sustained his injuries was not designed to retain the racing automobiles and parts which became detached due to the stresses produced by turns at high speed on the unbanked dirt track; that on many occasions racing cars had crashed through fences; wheels had become detached and had been propelled over and through fences at high velocities and had traveled great distances; on one occasion a racing car crashed through the fence and collided with the house in which plaintiff lived; on another a wheel had become detached from a racing car and struck a barn in which horses plaintiff cared for were stabled; that nevertheless defendant persisted in conducting the races without providing banks or fences of sufficient strength and height to prevent racing cars and portions of them from crashing through or flying over the fences and injuring persons and property in the vicinity.

The amended petition then alleged that while plaintiff was in the area in which he resided about 180 feet from the fence a wheel came off an automobile which was participating in a race, traveled 227 feet with such velocity that it came through or over the fence, struck plaintiff and broke his leg.

Paragraph 6 was as follows:

"6. Plaintiff's injury was directly and proximately caused by the negligent acts and omissions of the defendant as follows:

"(a) By the failure of defendant to inspect and correct the unsafe and defective condition of the wheel and axle of the car which was equipped with the wheel which struck plaintiff; plaintiff does not know and is unable to allege the precise defect of the wheel and axle, but alleges that the wheel and axle were not designed and constructed to withstand the stress and strain to which they were subjected in the course of racing over the track controlled and operated by defendant.

"(b) By the failure of the defendant to provide adequate fences or embankments, or to construct walls of concrete or other durable material, to prevent racing automobiles and their appurtenances from being propelled or thrown from the area in which defendant conducted its races and injuring persons lawfully in the vicinity of the race track, when defendant knew or should have known that racing automobiles and portions thereof would be propelled or thrown by contrifugal force or other natural forces governed by physical laws, from the race track from time to time to the injury and damage of persons at or near the race track.

"(c) By conducting automobile races on a flat dirt track, which by its nature placed stresses upon automobiles being raced thereon which would cause such automobiles to escape from control of their drivers, and which would cause metal parts of such automobiles to break and be thrown at high velocities from the area leased by defendant, and place persons lawfully in the vicinity, and particularly this plaintiff, in positions of great peril of bodily injury, when defendant knew or should have known of the danger and hazard produced by the stresses as aforesaid."

Judgment was prayed for $55,136.75.

To this amended petition defendant demurred generally on the ground that it did not state facts sufficient to constitute a cause of action and specially to 6 (a) of the amended petition because it did not state facts sufficient to constitute a cause of action and did not charge defendant with any negligence in law. This demurrer was overruled—hence this appeal.

Defendant argues his demurrer should have been sustained because notwithstanding his motion to compel plaintiff to make his petition more definite and certain by alleging what defect existed in the racing car, plaintiff continued to allege "I don't know what the defect was, but if you had looked you would have found one.

Since you did not look and find a defect you are negligent." Hence he was entitled to have the petition strictly construed.

This is the rule only where the motion was meritorious. Conceding the motion was meritorious and giving the petition a strict construction, still it stated a good cause of action against defendant. All the allegations of the petition must be considered together. In *Clark v. Hildreth*, 179 Kan. 243, 293 P. 2d 989, we said:

"On appeal where a motion to make definite and certain has been overruled and a general demurrer is later lodged against the petition, a consideration of the motion must be in view of all the contents of the petition and not merely with respect to some isolated paragraph."

The applicable rule is stated in *Restatement Of The Law Of Torts* (1934), p. 1003, § 371. It is as follows:

"A possessor of land is subject to liability for bodily harm to others outside the land caused by an activity carried on by him thereon which he realizes or should realize as involving an unreasonable risk of bodily harm to them under the same conditions as though the activity were carried on at a neutral place."

("Neutral place" is used to indicate a place where both persons involved have equal right or privilege or absence of right or privilege to be.)

See, also, *Lobenstein v. McGraw*, 11 Kan. 645. There we said:

"Every one engaged in any business or occupation must use reasonable precautions to prevent such business or occupation from working injury to others. What are reasonable precautions, vary with the character of the business, and the place in which it is carried on. A peculiar hazard calls for increased care; and the greater the risk, the more imperative the obligation."

*"Sic Utere Tuo Ut Alienum Non Laedas"* is one of our oldest maxims. It has lost none of its potency with the coming into common use of so many new agencies of destruction and injury. This amended petition stated a good cause of action under that rule.

The judgment of the trial court is affirmed.