No. 40,427

W. A. BYERLEY, also known as WILLIAM A. BYERLEY, *Appellee,* v. J. W. BRAUCHER, also known as JOSEPH W. BRAUCHER, *Appellant.*

(308 P. 2d 144)

Opinion filed March 9, 1957.

*Howard M. Immel*, of Iola, argued the cause and *Robt. L. NeSmith* and *Justus H. Fugate*, both of Wichita, were with him on the briefs for the appellant.

*Robert F. Stadler*, of Humboldt, argued the cause and *L. T. Cannon*, of Humboldt, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This appeal is from an order of the district court overruling a demurrer to an amended petition and from an order of the court overruling portions of a motion to strike.

On January 10, 1956, the plaintiff filed a petition against the defendant alleging in substance the following:

That on the sixth day of January, 1935, the plaintiff was the owner of certain shares of stock in the Humboldt National Bank and that on the same date the plaintiff and defendant entered into the following written agreement.

#### Exhibit "A"

"WITNESSETH This agreement made this the 6th day of January 1935 by and between William A. Byerley, party of the first part and Joseph W. Braucher, party of the second part, both of Humboldt, Allen County, Kansas.

"For and in consideration of a good and valuable consideration the receipt of which is hereby acknowledged, the said party of the first part agrees to sell to the said party of the second part three (3) shares of the stock of the Humboldt National Bank for One Hundred Dollars per share.

"It is further agreed that upon request by either of the parties hereto, the party of the second part agrees to sell back to the party of the first part and the party of the first agrees to buy from the party of the second part three (3) shares of the stock of the Humboldt National Bank at One Hundred Dollars per share ($100.00).

W. A. Byerley, Party of the
First Part.
J. W. Braucher, Party of the
Second Part.

Witness . . . . . . . . . . . . . . . . . . . . ."

The plaintiff then alleges:

That this agreement has remained in full force and effect since made and had never been cancelled, amended, repudiated, abrogated or disaffirmed by either of the parties. That the agreement had never been revoked or withdrawn by the defendant. That on or about December 20, 1955, the plaintiff orally informed the defendant that he desired to purchase back the three (3) shares of stock and the defendant orally informed the plaintiff that he would not resell or sell back to the plaintiff the three (3) shares of stock. That on January 5, 1956, the plaintiff again informed the defendant orally and in writing that he desired to exercise his rights under the said agreement and buy back the three (3) shares for the agreed sum of $100.00 per share. The defendant again informed the plaintiff he would not sell.

That at the time the agreement was made, the defendant was the owner of seven (7) shares of stock in the bank and the plaintiff was the largest stockholder and President of the bank. That a vacancy existed on the Board of Directors and it was necessary for a director to own 10 shares of stock. That the plaintiff approached the defendant to ask him to serve as director and that since the defendant needed three (3) additional shares of stock to qualify, the plaintiff would sell him the necessary three (3) shares. That, although the agreed price was $100.00 per share, the true value was greatly in excess of that amount.

That as a result of these negotiations, the above agreement was

made and the defendant was elected a director of the bank and has been re-elected from time to time to the present and has served continuously.

Wherefore, the plaintiff prayed for specific performance of the agreement.

A motion to strike was filed February 7, 1956, by the defendant. The court sustained the motion in part and overruled it in part.

An amended petition was filed March 14, 1956, complying with the court's motion to strike and the defendant demurred for the reason that the petition did not state facts sufficient to constitute a cause of action and for the reason "it appears on the face of the petition that the cause of action was barred by the statute of limitations, providing that an action upon any agreement, contract, or promise in writing can only be brought within five (5) years after the cause of action shall have accrued."

The court overruled the demurrer and this appeal is taken. The specification of error also includes the ruling of the court denying paragraph 1 and 2 of appellant's motion to strike.

Appellant contends the question of the statute of limitations is properly raised by demurrer. It may be so raised. Where the complaint shows on its face that the action is barred, the defense of limitation may be raised by demurrer.

See *Ryan v. Scovill*, 147 Kan. 748, 751, 78 P. 2d 877, where the court said:

". . . They argue, also, that the statute of limitations should be raised by answer. However, it has been repeatedly held that where a petition discloses on its face that the cause of action is barred by the statute of limitations the question may be raised by demurrer to the petition. See Kansas State Bank v. Shaible, 118 Kan. 73, 234 Pac. 40, and many other cases noted in Hatch. Dig. Sec. 189, Lim. of Act . . ."

See, also, *Pease v. Snyder*, 172 Kan. 257, 240 P. 2d 134; *Force v. Bates*, 177 Kan. 438, 280 P. 2d 584; *Stratton v. Wood Construction Co.*, 178 Kan. 269, 284 P. 2d 636; and *Fakes v. Osborne*, 178 Kan. 339, 286 P. 2d 154.

The rule is a two-edged sword. The rule is also well established that a demurrer should be overruled if the amended petition on its face does not clearly show the action is barred by limitation. (*Walker v. Fleming*, 37 Kan. 171, 14 Pac. 470; *Nickel v. Vogel*, 76 Kan. 625, 92 Pac. 1105; *Christie v. Scott*, 77 Kan. 257, 94 Pac. 214; and *Chandler v. Runnels*, 138 Kan. 673, 27 P. 2d 232.)

Appellant contends that on this demurrer a strict rule of con-

struction of the petition must be applied following *Kinderknecht v. Hensley,* 160 Kan. 637, 164 P. 2d 105. The court is not bound by the rule in this case.

As a general proposition, the rule of strict construction has only been applied after motions to make more definite and certain and not after motions to strike. It also was never intended to apply where a general demurrer follows a previously overruled unmeritorious motion, but if a meritorious motion to make definite and certain is filed and successfully resisted, followed by general demurrer, then those matters covered by the motion must be strictly construed against the pleader in considering the sufficiency of the pleading. Likewise, a general demurrer later leveled at the pleading must be considered in view of all of the contents and not merely with respect to some isolated paragraph of the pleading. (*Morris v. Dines Mining Co.,* 174 Kan. 216, 256 P. 2d 129; *Clark v. Hildreth,* 179 Kan. 243, 293 P. 2d 989; and *Cessna v. Coffeyville Racing Association,* 179 Kan. 766, 298 P. 2d 265.)

Appellant argues that the amended petition is subject to demurrer because on its face no time is stated in the contract in which performance thereof must be demanded and, therefore, the demand must be made within a reasonable time and a reasonable time must not extend beyond the statutory time for bringing the suit, which in this case would be five (5) years.

In support of his contention, appellant cites *West v. Bank,* 66 Kan. 524, 72 Pac. 252; *Ryan v. Scovill,* 147 Kan. 748, 78 P. 2d 877; and *Marsh v. Brown-Crummer Inv. Co.,* 138 Kan. 123, 23 P. 2d 465. Appellant argues vigorously that the Marsh case is completely analogous to the point here. We do not agree. The court said:

"Appellee argues that after the bonds mentioned in the first cause of action were purchased, subsequent purchases were made at which times the first contract was 'acknowledged, admitted and renewed', and that if appellant had suggested when the second and succeeding purchases were made it would no longer be obligated, an immediate demand for repurchase would have been made. This may all be true, *but it is not alleged in the first cause of action that the contract there alleged was extended, renewed or in any wise affected by any subseqent acts of the parties,* and what is said in the second, third, fourth and fifth causes of action is no part of the first cause of action.

"We are of the opinion that, *no extraneous reasons having been alleged,* a reasonable time in which to make demand for performance of the contracts alleged herein would be not in excess of that period in which an action on a contract not in writing might be brought, or three years." (Emphasis supplied.)

In the Marsh case, the court held that when there were no alle-

gations in the first cause of action that the contract was extended, renewed or anywise affected by any subsequent act of the parties, the cause of action was barred. The court followed the rule that since no extraneous reasons or acts had been alleged, a reasonable time could not be in excess of the statutory period of limitations.

Here the petition on its face clearly alleges extraneous reasons and subsequent acts of the parties. While the agreement itself contains no time for performance, the allegations are that it was still in full force and effect, that it had never been cancelled, amended, repudiated, abrogated or disaffirmed by either of the parties and that it had never been revoked or withdrawn by the defendant. While the agreement was executed in part, these statements allege that it was still executory in part, and, as such, came within the exception to the rule that a reasonable time is not in excess of the statutory time of limitations. The petition was not subject to demurrer on this ground.

The statute of limitations is also a matter of defense and the appellant may raise his point again by answer.

Nor do we agree with appellant that the court should have stricken from paragraph three (3) of plaintiff's amended petition the following allegations for the reason they were mere conclusions of the pleader.

". . . has remained in full force and effect from the time of the making of the same and it . . ."

". . . That said agreement has never been revoked or withdrawn by the said defendant . . ."

Under our statute (G. S. 1949, 60-741) motions to strike redundant, irrelevant and incompetent matter in a pleading are directed to the sound discretion of the trial court. See *Hendricks v. Wichita Federal Savings & Loan Ass'n,* 157 Kan. 651, 143 P. 2d 780; *Sramek v. Sklenar,* 73 Kan. 450, 85 Pac. 566, Syl. ¶ 2; *Davies v. Lutz,* 107 Kan. 199, 191 Pac. 485; *Stalker v. DeWitt,* 142 Kan. 709, 51 P. 2d 1012; *Fleming v. Campbell,* 148 Kan. 516, 83 P. 2d 708; *Doman Hunting & Fishing Ass'n v. Doman,* 159 Kan. 439, 155 P. 2d 438; and *Frogge v. Kansas City Public Service Co.,* 159 Kan. 687, 157 P. 2d 537.

The allegations here were not redundant, irrelevant or immaterial, but were necessary to allege extraneous reasons and acts to make the petition good as against demurrer on the statute of limitations. Appellant admitted as much in his brief where he said:

"The first allegation quoted above is clearly a conclusion of the pleader, and must have been included in the petition because no allegation of fact could have been made which would have had the effect of renewing, extending, or otherwise affecting the written contract."

It is the duty of a pleader to state the ultimate facts clearly and concisely and without repetition. The allegations here are the ultimate facts as to the status of the agreement and follow the general practice that matters relating to the performance of contracts may be averred generally. See 41 Am. Jur., Pleading, § 21; and *Insurance Co. v. Winfield*, 6 Kan. App. 527, 51 Pac. 567.

The court said in *Grocery Co. v. Scheetz*, 99 Kan. 772, 163 Pac. 168:

"It is argued that the denial of indebtedness is a mere denial of a legal conclusion and not an allegation of fact, and authorities to that effect are cited. But the petition set forth the fact as well as the conclusion of indebtedness. Besides conclusions are not in this state regarded as utter outlaws in pleadings. (*Gano v. Cunningham*, 88 Kan. 300, 128 Pac. 372; *Neosho County v. Spearman*, 89 Kan. 106, 130 Pac. 677.)"

In *Gano v. Cunningham*, 88 Kan. 300, 128 Pac. 372, the court said:

". . . mere generality of allegation (*Meagher v. Morgan*, 3 Kan. 372), or conclusion of fact (*Gilmore v. Norton*, 10 Kan. 491; *L. L. & G. Rld. Co. v. Leahy*, 12 Kan. 124; *Comm'rs of Saline Co. v. Young*, 18 Kan. 440; *McPherson v. Kingsbaker*, 22 Kan. 646), do not render the petition insufficient. Indeed, in an early case (*Stewart v. Balderston*, 10 Kan. 131) it was said that as against a demurrer, in the absence of a motion to make definite and certain, everything stated in the petition should be taken as true, whether well pleaded or not. It must be held, therefore, that in this respect the demurrer was properly overruled." (p. 302.)

The trial court did not abuse its discretion or commit prejudicial error in failing to sustain certain portions of the appellant's motion to strike.

Appellant also generally demurred to the amended petition on the grounds that it did not state facts sufficient to state a cause of action. The only point raised in this connection is that the contract sued upon is contrary to public policy and thus void and unenforceable.

In support of his position, appellant cites *Noel v. Drake*, 28 Kan. *265; and *Tooker v. Inter-County Title Guar. & Mtge. Co.*, 295 NY 386, 68 N. E. 2d 179.

The Noel case involved a contract between a director and the president of the bank to purchase certain shares of stock upon condition the director should be made cashier of the bank. The

court held the contract void. The court said that the appointment of officers by the Directors of a National Bank ought not to be made a matter of bargain and sale. . . . The Tooker case involved an agreement to qualify a stockholder as director of the bank. The court held the contract void and unenforceable. The court said that the transfer of bank stock for the purpose of qualifying the transferee to be a director was not obnoxious to the statutes, but that in this case the transferee could avoid certain statutory liability by disposing of his shares at any time.

The court did not err in overruling the demurrer on this ground. The allegations of the amended petition did not reveal in what, if any, way the contract may be contrary to public policy and void and unenforceable. Under the rules of construction on demurrer, we cannot inquire further.

There is a dearth of law on the point, particularly involving National Banks (12 U. S. C. A. ¶ 72, *et seq*). Appellant's argument goes outside the allegations of the petition which is all we have under consideration here. Appellant may raise it again in his answer as a matter of defense.

The judgment is affirmed.

PRICE, ROBB, FATZER, JJ., dissenting.