No. 41,428

HARRY E. FORCE, *Appellant,* v. M. E. PUSITZ, *Appellee.*

(340 P. 2d 363)

Opinion filed June 13, 1959.

*E. H. Hatcher,* of Topeka, argued the cause and was on the briefs for the appellant.

*O. B. Eidson,* of Topeka, argued the cause, and *T. M. Lillard, P. H. Lewis, James W. Porter,* and *E. Gene McKinney,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from orders of the court below striking certain allegations from plaintiff's petition and amended petition in a tort action based on alleged acts of negligence of defendant doctor in the treatment of plaintiff as a patient.

Is there a final order which justifies appellate review thereof under the appropriate statutes? (G. S. 1949, 60-3302, *First* and *Third;* G. S. 1949, 60-3303.) Before this preliminary question is determined we must examine the record to ascertain what the sequence of events was.

Plaintiff's first claim is that the trial court, upon defendant's motion, erred in striking certain portions of the original petition by reason of their being barred by the statute of limitations. (G. S. 1949, 60-306, *Third.*) Due to the length of the portions of the petition that were stricken, we shall not repeat them in full but it is sufficient to say that we think the trial court did not abuse its sound discretion in sustaining the motion to strike. Such motion was

addressed to the sound discretion of the court and we do not deem it necessary to disturb that ruling. Supporting authorities for this position are G. S. 1949, 60-741; *Manwaring v. Reynolds*, 108 Kan. 777, 196 Pac. 1086; *Vitt v. McDowell Motors, Inc.*, 180 Kan. 800, 308 P. 2d 115; *Byerley v. Braucher*, 180 Kan. 816, 308 P. 2d 144; 4 Hatcher's Kansas Digest, rev. ed., Pleading, § 4; 8 West's Kansas Digest, Pleading, § 11.

Plaintiff filed his amended petition pursuant to permission granted in the order pertaining to the petition. Since we are concerned only with paragraphs II and III, those are all we will set out herein, but it should be mentioned that no other definite and essential allegation of the relationship of doctor and patient is contained in the petition.

"II

"On the evening of January 14, 1953, Plaintiff slipped and fell, hitting his right leg fracturing the fibula a few inches below the knee and fracturing the tibia approximately three inches above the ankle. There was no compound fracture, the skin was not broken or fractured. Plaintiff was taken to Saint Francis Hospital and Defendant was called to attend him. Defendant did then accept Plaintiff as a patient for diagnosis and treatment of his injuries.

"III

Defendant continued to treat the Plaintiff at various intervals and performed several operations on the leg. On instructions of Defendant, Plaintiff returned to a hospital on March 20, 1956. There was drainage from infection and an additional bone graft surgery was recommended by Defendant. On March 22, 1956, Defendant again operated on Plaintiff's leg through an anterior incision, the fracture region was defined and the pseudo-arthrosis laid bare. Defendant prepared a bed for the graft material by removing a rectangular piece of the bone including the pseudo-arthrosis region anterior only. Defendant then closed the wound with dermal skin sutures, applied dressings and a long leg cast. Plaintiff was discharged from the hospital by Defendant with instructions to report to the office of Defendant for further treatment."

Keeping within the bounds of the above-cited authorities and in view of what has already been said herein, we conclude the trial court erred in striking the above portions of the amended petition. This determination is supported by the provisions of G. S. 1949, 60-749, as follows:

"A material allegation in a pleading is one essential to the claim or defense, which could not be stricken out from the pleading without leaving it insufficient."

Since the order of the trial court sustaining defendant's motion to strike paragraphs II and III of plaintiff's amended petition

did, by elimination, affect plaintiff's substantial rights in the action because it prevented him from properly alleging the elements essential to support his claim that he had been, and continued to be, a patient of the defendant doctor, the order was final and an appeal therefrom was proper. (*Atkinson v. Sowersby*, 165 Kan. 678, 198 P. 2d 158; *Boettcher v. Criscione*, 180 Kan. 39, 299 P. 2d 806.)

We have not overlooked but have disregarded some of the contentions made by the parties which may be of paramount importance after the issues are made up and the case is submitted to the trial court. We have determined only that the order sustaining the defendant's motion to strike certain allegations of the petition was a proper exercise of the trial court's sound judicial discretion and should be affirmed and that the order sustaining a like motion to the amended petition was error and should be reversed.

It is so ordered.