Hunt v. Jetmore.

J. H. HUNT v. A. B. JETMORE, F. G. WILLARD, JAMES BURGESS, AND A. MARBURG.

**No. 709.**   (61 Pac. 325.)

1. LIMITATION OF ACTION—*Petition—Demurrer.* A demurrer to a petition is properly sustained where the petition shows upon its face that all of the alleged causes of action were barred by the statute of limitations at the time the action was instituted.

2. ———— *Action in Tort—Two-year Limitation.* A cause of action for an injury to the rights of another, not arising upon contract, is barred in two years. (Gen. Stat. 1897, ch. 95, § 12, subd. 3; Gen. Stat. 1899, § 4262, subd. 2.)

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 6, 1900. Affirmed.

*Wm. R. Hazen,* for plaintiff in error.

*Jetmore & Jetmore,* for defendants in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by J. H. Hunt for the recovery of an amount alleged to have been paid as illegal and unlawful fees which were wrongfully, illegally and unlawfully charged and collected by Gardenhire, as clerk of the district court of Shawnee county. The action was instituted on the 28th day of April, 1898, against Gardenhire, as principal, and Jetmore and others, as sureties on his official bond. Gardenhire was not served with summons, nor did he enter his appearance in the action. The other defendants filed their demurrer to plaintiff's petition, which was sustained. The plaintiff elected to stand upon his petition; judgment was rendered against him for costs and he presents the record to this court for review.

The plaintiff in error, plaintiff below, contends that

the trial court erred in sustaining the demurrer and in rendering judgment against him for costs. The defendants in error contend that the demurrer was properly sustained; that the several causes of action were barred by the statute of limitations; that plaintiff's only remedy was by motion to retax costs, and that the petition shows a voluntary payment with full knowledge of all of the facts; hence there can be no recovery.

The plaintiff, for his first cause of action, alleged, in substance, that from the 1st day of January, 1893, to the 1st day of January, 1895, Gardenhire was the duly elected, qualified and acting clerk of the district court of Shawnee county; that as clerk he filed his bond, which was approved, conditioned that he would faithfully pay over to the proper person or persons all moneys which should be by him received in his official capacity as clerk, and faithfully discharge the duties of said office. The defendants Jetmore, Marburg, Turner, Willard and Burgess were his sureties. A copy of the bond with the indorsements thereon is set out in the petition.

It was further alleged that Gardenhire, as clerk, unlawfully, wilfully and knowingly taxed, charged, collected and received of plaintiff certain excessive, illegal costs, claimed and represented by him to be lawful costs on account of services performed; that plaintiff was required to and did pay the excessive, illegal costs, not knowing or understanding at the time that the costs or any part thereof were illegal or excessive; that plaintiff, relying upon the honesty and integrity of the clerk in performing his official duty faithfully, his special knowledge of what constituted legal costs, and his special knowledge of the services performed, paid the amount demanded without no-

tice or knowledge that any part of the amount was illegal or excessive; that Gardenhire wilfully, unlawfully and purposely taxed, charged, received and extorted from plaintiff the illegal and excessive costs as aforesaid; that on or about the — day of May, 1895, Gardenhire left the state of Kansas, and has ever since been absent from said state and a non-resident; that plaintiff has no means of knowing what said charges were for, except as the same appears upon the appearance docket. The plaintiff set out the items claimed as excessive, illegal fees, and marked the same "exhibit A."

Plaintiff further alleged that Gardenhire has been guilty of a breach of his bond, and by reason thereof defendants Jetmore, Turner, Willard, Marburg and Burgess have become liable for the amount of the excessive and illegal costs so charged and collected as aforesaid, to the loss, injury and damage of plaintiff; that the plaintiff, within one year before the commencement of this action, demanded the payment of the amount herein claimed, which defendants have failed, neglected and refused to pay; that he has been unble to make a demand on the defendant Gardenhire for the reason that he is a non-resident, and has been a resident of the state of New York since the payment of the costs as aforesaid; that plaintiff did not discover that the costs so collected were illegal and excessive until within one year prior to the commencement of this action; that by reason thereof he has lost, has been injured and damaged in the sum of $40, which is now due from defendants; that he paid the excessive, illegal costs on the 21st day of August, 1893, in an action wherein Hunt & Evans were plaintiffs and C. H. Titus and others were defendants; that said costs were wrongfully, wilfully and knowingly

withheld by Gardenhire out of money in his hands as such clerk, to which the plaintiff was at the time entitled; that the partnership of Hunt & Evans has been dissolved, and that plaintiff has succeeded to all rights of the firm and to the cause of action herein set out.

There are fifty-six separate causes of action set out in the petition. The allegations of the first are applicable to forty-six of the causes of action, the only difference being in the date on which plaintiff paid the alleged illegal costs. The dates vary from January, 1893, to December, 1894. All of the payments made by plaintiff are alleged to have been made on or prior to December 3, 1894; the payments were therefore made more than three years before the action was brought.

The plaintiff, in substance, for his forty-seventh cause of action, makes all the allegations of his first, together with "exhibit A", a part, and says further, that on or about the 15th day of October, 1896, the costs were paid by him, and wrongfully, wilfully and knowingly withheld by Gardenhire, out of money in his hands as clerk, to which plaintiff was at the time entitled, in an action wherein Hunt & Evans were plaintiffs and James T. Best and others were defendants; that in addition to the items of excessive costs set out in the first cause of action, Gardenhire, in the last-named action, received and collected from plaintiff $3.50, excessive and illegal costs, by reason whereof the defendants are indebted to plaintiff in the sum of $43.50; that prior to the time the costs were paid the defendant's term of office expired, but before the expiration of the term of office he taxed, charged and set out upon the appearance docket the costs by him taxed and charged; and he directed Cockrell, as his

Hunt v. Jetmore.

successor in office, to collect the costs so taxed and charged, and the same were collected as aforesaid.

The allegations of this cause of action are applicable to the other nine. It is alleged that Gardenhire, prior to the expiration of his term of office, unlawfully, wilfully and knowingly taxed and charged upon the books of his office excessive, illegal and unlawful fees, and that he directed his successor in office to collect the same. His term of office expired on January 1, 1895; hence these wrongs were all done and perpetrated more than three years before the action was instituted. We take it that this is an action in tort, and that the cause of action accrued at the time the unlawful acts were done which resulted in the injury and damage to the plaintiff. Under the first series of causes of action set out, the unlawful acts resulting in the injury to plaintiff's right occurred by reason of Gardenhire's unlawfully, wilfully and knowingly taxing, charging, collecting and receiving certain excessive and illegal costs.

All of these acts were done and performed more than three years prior to the institution of the action. The unlawful acts of Gardenhire in the last series of causes of action, which resulted in injury to plaintiff, were that prior to the expiration of his term of office he taxed, charged and set out upon the books of his office illegal and unlawful costs which were afterward paid to his successor in office. All of the unlawful acts charged against him, which resulted in injury to plaintiff, were done and performed more than three years prior to the commencement of the action. A cause of action for an injury to the rights of another, not arising upon contract, is barred in two years. (Gen. Stat. 1897, ch. 95, § 12, subd. 3; Gen. Stat. 1899, § 4262, subd. 2.)

22—9 KAN. APP.

It appears from plaintiff's petition that all of the alleged causes of action were barred at the time the action was instituted.

With our view of the statute of limitations applicable to the several causes of actions set out, it is unnecessary to examine further the other contentions. The demurrer was properly sustained.

The judgment is affirmed.