BETTIE SMITH, *Appellee,* v. THE BANK OF HAMLIN, *Appellant.*

No. 18,310.

### HEADNOTE BY THE REPORTER.

1. DURESS—*Mortgage Obtained by Threats of Criminal Prosecution.* Where a mother is induced to execute a mortgage from fear excited by threats made by a creditor of an illegal prosecution against her son the mortgage thus obtained will not be binding upon her.

2. —— *Same.* It is sufficient to sustain the plea of duress if the threats were communicated to her by the son and the natural and reasonable consequence of making them was to excite the fears of the mother so as to overcome her judgment and will.

Appeal from Brown district court. Opinion filed July 5, 1913. Affirmed.

*S. M. Brewster,* of Troy, and *Sample F. Newlon,* of Hiawatha, for the appellant.

*A. B. Crockett,* of Horton, for the appellee.

*Per Curiam:* This action was brought by the appellee to set aside and cancel a note and mortgage which she had executed and delivered to the appellant to secure an indebtedness of her son to the appellant. The ground upon which appellee demanded the cancellation of the instruments was that she had been coerced by a threat of an officer of the appellant to

cause her son to be sent to the penitentiary if she did not give the security for the debt to the appellant.

The son was engaged in the implement business and did business with the appellant bank, and had once before overdrawn his account with it to the amount of $1000, which amount he was unable to pay. At his request appellee had mortgaged her forty-acre farm to secure the indebtedness and had then informed him that she would not further encumber her property to aid him. Thereafter the son again overdrew his account at the appellant bank to the amount of $4000, and had been informed by the officers of the bank that. it must be settled. Not having the money, the son offered his stock of implements and other property as security and was informed by them that they could not use that kind of security. This conversation was had with a director of the bank. The son informed the director that the security he offered was all he could give unless he could get his mother to give a second mortgage on her land, and she had told him that she would not do so. The director thereupon asked the son if he knew that allowing an overdraft like that was a penitentiary offense. The director also said to the son that he would like to have it fixed up right away as he was going to the county seat the next morning to see about some other business. From this conversation the son inferred that if he did not get the security demanded the directors would institute a criminal prosecution against him the next day. The son immediately went to his mother, informed her of the conversation with the director and what had been said about security on his own property, and told her that he did not know how he was going to fix it up unless she would give another mortgage. She said that if that was the only way out of it she supposed she would have to do so. The appellee testified that her son told her that if she did not give the mortgage they would send him to the penitentiary, and for that reason she gave

the mortgage. The director also testified, in effect, that he told the son that making the overdraft was a penitentiary offense and that he was going to the county seat next morning and wanted to have it fixed up; that he told this to the son and that the son might draw his own conclusions therefrom. The effect of his evidence clearly showed that he intended an implied threat to send the son to the penitentiary if the security was not given by the mother.

A point is made by the appellant that the mortgage, given by the mother on the morning following the conversation, described land which the mother did not own, for the reason that the number of the section was incorrectly stated; that a few days thereafter the mother executed another mortgage to correct the mistake and correctly describing her own land. There is nothing, however, to show that she was not still acting under the belief that if she did not do so her son would be prosecuted and sent to the penitentiary.

The trial court found that the execution of the mortgage was effected through coercion and rendered judgment in favor of the appellee canceling the note and mortgage. There is ample evidence to support the finding and the judgment of the court.

The judgment is affirmed.