THE EUREKA BANK, *Appellant*, v. ROBERT B. BAY et al., *Appellees*.

No. 18,375.

SYLLABUS BY THE COURT.

1. STATUTE OF LIMITATIONS—*Relief on the Ground of Duress.* The provision of the statute of limitations governing actions for relief on the ground of fraud has no application to an action for relief on the ground of duress by threats.

2. —— *Same.* The statute of limitations does not commence to run against an action for relief on the ground of duress by threats while the mind of the aggrieved party continues to be dominated by the threats.

3. —— *Same.* So long as the influence of duress continues, conduct in apparent recognition of the validity of contracts procured by that means does not constitute ratification.

4. NOTE AND MORTGAGE—*Duress—Limitation of Action—Evidence.* The evidence considered and held to support a judgment canceling notes and mortgages on the ground that they were procured by duress, in opposition to pleas of the statute of limitations and ratification.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed October 11, 1913. Affirmed.

*R. P. Kelley*, of Eureka, for the appellant.

*Noah L. Bowman*, of Garnett, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was instituted on November 8, 1910, for the purpose of obtaining judgment against the defendants on two promissory notes given by them to the plaintiff on November 28, 1905, and for the foreclosure of two real-estate mortgages securing payment of the notes. The answer of the defendants was filed on January 17, 1911. It alleged that the instruments were given under duress practiced by an agent of the plaintiff. The facts stated in the answer were asserted both by way of a defense to the petition and as a cause of action for the cancellation of the notes and mortgages. The reply pleaded ratification and the bar of the statute of limitations. The court stated findings of fact and conclusions of law favorable to the defendants, and judgment was rendered accordingly, including cancellation as prayed for. The plaintiff appeals.

It is contended that the evidence does not support the finding of duress, the test of which is whether or not the free will of the person alleging it was constrained. (*Williamson v. Ackerman*, 77 Kan. 502, 94 Pac. 807.) Since the question is raised the court is free to say that the evidence shows perfectly cold-blooded coercion by means of threats entirely destitute of the finesse and diplomacy exhibited in the case of *Smith v. Bank*, ante, p. 299, 133 Pac. 428, whereby the defendants were driven to mortgage the little property they had saved for their support in old age and, as they believed, to face hard work for the rest of their lives in order to save their son from the penitentiary. The credibility

of this evidence was a matter for the trial court to determine.

The substantial legal questions involved relate to the application of the statute of limitations. The argument of the plaintiff may be summarized as follows: Duress is a species of fraud. Besides this, the answer alleged that the representations of the plaintiff's agent respecting the liability of the defendant's son to prosecution for crime were false, so that the real defense was fraud in fact. An action for relief on the ground of fraud is barred in two years from the discovery of the fraud (Civ. Code, § 17, subdiv. 3), and when a right of action is barred by the provisions of any statute it is unavailable either as a cause of action or ground of defense (Civ. Code, § 24). If, however, duress be distinguishable from fraud, the right to relief on the ground of duress accrued immediately upon the execution and delivery of the instruments and consequently was not available after five years from that date (Civ. Code, § 17, subdiv. 6), either as a cause of action for cancellation or as a defense to the plaintiff's suit.

The allegations of the answer just referred to did not characterize the defense. They were merely incident to the statement of the facts relating to the duress which induced the giving of the notes and mortgages.

There is no clear and all-inclusive definition of the term "fraud." If there were it would soon need to be extended and corrected. Broadly speaking, all conduct may be said to be fraudulent which results in unconscientious advantage over, or injury to another, and in this sense duress *per minas* is an imposition resembling fraud. But as generally understood fraud involves artifice, deceit, circumvention, breach of confidence, and the like, while duress attacks the will directly and overpowers it by the force of danger inflicted or threatened. The distinction is quite obvious

between fraud and duress by imprisonment, and certainly something other than fraud is accomplished when the will is beaten into submission by the bludgeon of threats. The conclusion is that duress was not in the mind of the legislature when it provided that an action for relief on the ground of fraud must be brought within two years after the cause of action acrues, computing the time from discovery of the fraud.

While the pressure of the duress continued the five-year statute of limitations did not commence to run.

(*Howard v. Carter,* 71 Kan. 85, 80 Pac. 61; 25 Cyc. 1195.)

There is no basis in law or in human experience for asserting that the fear engendered by the plaintiff's threats vanished the moment the instruments wrung from the defendants were executed. The presumption is that the influence of such threats continued, and there is no evidence from which it can be inferred that the defendants were relieved of their apprehension within less than two months after they were placed in the jaws of the mental vise manipulated by the plaintiff's agent. The result is that no starting point for the running of the five-year statute was fixed and the plea of that statute fails. If there be any provision of the statute of limitations other than those already noted which applies to the case it was not brought to the attention of the trial court, and consequently the benefit of it was waived.

The observations which have been made concerning the persistency of duress apply in part to the plea of ratification. (6 Cyc. 304.) The evidence to support this plea consisted of three letters written by defendant R. B. Bay, two of them dated respectively January 23, 1906, and March 12, 1906. There is nothing whatever in the letters or outside of them to indicate that the original fear for his son did not still dominate the mind of the writer. The other letter was a tentative inquiry respecting a compromise of the

plaintiff's claim and did not evince such a clear and unequivocal recognition of liability as to indicate ratification.

The trial court took this view: The answer was in effect a bill to remove a cloud upon the plaintiff's title. In the case of *Cooper v. Rhea,* 82 Kan. 109, 107 Pac. 799, it was held that the statute of limitations does not apply to a suit of that character, since the right to maintain it is a continuing one. The mortgages in question lacked the free consent of the mortgagors, and so were without legal force and were subject to cancellation. The notes were part and parcel with the mortgages of the same vicious transaction, and upon condemnation of that transaction the notes fall with the mortgages. The court withholds its approval of this reasoning, at least for the present. The doctrine of *Cooper v. Rhea* applies to all cases in which the cloud to be removed appears to be a thing of substance, but which an investigation will show to be otherwise. Here, however, the mortgages were in fact what they purported to be. They were not void instruments but were merely voidable at the election of the mortgagors, and until such election was exercised in the answer filed were indeed liens. The statute of limitations is a statute of repose, and it would not be unreasonable to say in such cases that the right to relief must be exercised by bringing an action within the appropriate statutory period—for example, if the relief sought be grounded upon fraud, then within two years from the discovery of the fraud.

The conclusion which the court has reached likewise makes it unnecessary to approve or disapprove the interpretation of section 24 of the code of civil procedure contended for by the plaintiff. Something was said upon the subject in the case of *Gibson v. Johnson,* 73 Kan. 261, 263, 84 Pac. 982. Suppose a mortgage maturing five years from its date be obtained by fraud. The fraud is immediately discovered by the mortgagor,

who takes no steps to procure a cancellation of the instrument. Five years afterward an action is brought to foreclose it. The mortgagor had a right of action to avoid it provided he moved within two years. The letter of the statute apparently makes this right unavailable as a defense to the foreclosure suit. Following the current of authority, it was held in the case of *Thomas v. Rauer*, 62 Kan. 568, 64 Pac. 80, that the statute of limitations applies only to those who seek "relief on the ground of fraud," and not to one defending his rights on the ground of fraud, but the section of the code under consideration was not referred to. Any solution of the question which might be offered here would, of course, be dictum.

The judgment of the district court is affirmed.