No. 31,077.

J. E. Brane and Edna Brane, *Appellees*, v. The First National Bank in Wichita, *Appellant*.

(20 P. 2d 506.)

Opinion filed April 8, 1933.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott* and *R. Bowland Richie*, all of Wichita, for the appellant.

*C. A. Matson, I. H. Stearns* and *E. P. Villepique*, all of Wichita, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: The appeal in this case is by the defendant bank from the order of the trial court overruling its demurrer to the plaintiffs' petition, in their action against the bank to recover $4,000 which they claim to have paid the bank without consideration and under duress.

The petition alleges that plaintiffs are husband and wife and that their son-in-law had been collection teller for the defendant bank and that the defendant, by and through its president and assistant cashier, orally caused to be represented through their son-in-law to them "that their said son-in-law was charged with collecting accounts in the aggregate sum of approximately four thousand ($4,-000) dollars, which he had failed to turn into the bank and had appropriated to his own use, and that if the plaintiffs would pay or

secure to said defendant the said sum of four thousand ($4,000) dollars, that said defendant would accept same in full settlement of the claim against said son-in-law, and that the payment and security of same would protect said son-in-law from criminal prosecution." The petition further alleges that the plaintiffs, believing and relying on these representations, secured and paid said sum solely to protect their son-in-law; that their free will was overcome and constrained by such representations; that they made the payment under duress and they would not have made it if such statements had not been made and their minds been overcome and constrained thereby.

Both parties recognize the fact that the question of want of consideration is incident to and logically a part of the question of duress, so that the duress feature is the sole and only question here involved. Does the petition sufficiently plead duress? While duress is recognized as being established in many cases by the effect the representations and statements have upon the mind and will of the party pleading it, as was said in the case of *Williamson v. Ackerman,* 77 Kan. 502, 94 Pac. 807, "Under the modern theory duress is to be tested, not by the nature of the acts or threats, but rather by the state of mind of the victim induced by such acts and threats" (p. 505), yet in the case at bar the demurrer is not particularly leveled at the allegations as to the state of mind of the plaintiffs, but to the sufficiency of the allegations of acts and threats of the officers of the defendant bank. The only acts and threats, statements or representations the officers of the bank are charged in the petition with having made were that the son-in-law was charged with collecting approximately $4,000 which he had failed to turn into the bank and had appropriated to his own use, "and that if the plaintiffs would pay or secure to said defendant the said sum of four thousand ($4,000) dollars, that said defendant would accept same in full settlement of the claim against said son-in-law, and that the payment and security of same would protect said son-in-law from criminal prosecution." Does this contain the threat necessary to constitute duress? It contains no threat whatever, unless the negative is to be inferred from the last clause—that if the payment and security were not made and furnished the son-in-law would be prosecuted criminally. Inferences from facts pleaded are not generally substitutes for necessary allegations.

". . . it is not sufficient that a fact may be inferable from the facts pleaded, where it is not necessarily implied. And it has indeed been said that

under the codes a fact must be pleaded unless the law raises a conclusive presumption of its existence from the facts stated. In other words, the averment of a fact necessary to constitute a cause of action or defense cannot ordinarily be obviated by the averment of a fact which raises only a *prima facie* or rebuttable presumption of the fact relied on." (49 C. J. 39.)

"As a general rule, all of the facts which are ingredients in the cause of action must be specifically alleged in the petition, even though upon the trial proof of certain of those facts will raise a presumption and be therefore *prima facie* evidence of the existence of other facts." (*Draper v. Cowles,* 27 Kan. 484, 488.)

The last clause above quoted from the petition is what a good friend might very naturally say in observing, with gratitude, that this payment will protect him from criminal prosecution. Appellees say this meant volumes to them as innocent people. It could very properly be so as a protection from the possibility of prosecution, or it might be what people generally might regard as a protection from prosecution, but that is very different from the threat by the defendant or its officers that it would prosecute if the money was not paid or security furnished. It might even be that the officers of the bank were anxious that the former teller avoid prosecution, as some of the evidence in the recent case of *Jones v. Prickett,* 135 Kan. 640, 11 P. 2d 1008, showed to have been the wish of the bank officer in that case.

It is stated in 9 R. C. L. that—

"A case of duress by threats is sufficiently stated by alleging the circumstances, a threat of prosecution and the fear of its execution . . ." (p. 730.)

"The question in every such case is whether his liability to imprisonment was used against him, by way of a threat, to force a settlement." (p. 720.)

In the case of *Heaton v. Bank,* 59 Kan. 281, 52 Pac. 876, it was said:

"A wife is not bound by a contract induced solely by the threats of parties that in case she fails to enter into the contract they will cause the arrest and imprisonment of her husband." (Syl. ¶ 1.)

In the case of *American Nat'l Bank v. Lipe,* 123 Kan. 674, 256 Pac. 967, which was an action by a bank upon a note and mortgage given by the mother of a boy who had gotten into financial difficulties and she had signed a series of notes, it was said:

". . . Unless she made the first of such contracts the bank would prosecute her son for actual or pretended financial irregularities and cause him to be sent to the penitentiary, considered, and held sufficient to support the verdict and judgment for defendants." (Syl. ¶ 1.)

In the case of *Western Paving Co. v. Sifers,* 126 Kan. 460, 268 Pac. 860, the allegations for other reasons were held not to constitute a duress, although the threat, as stated by the defendant, was "that if I wasn't willing to give him cash in exchange for this order I had given him that he would see the prosecuting attorney and cause me some trouble." (p. 463.)

In the case of *Williamson v. Ackerman,* 77 Kan. 502, 94 Pac. 807, the father was coerced into signing a mortgage to secure the defalcation of his son "by threats of arrest and prosecution for embezzlement if such security is not given." In the case of *Riney v. Doll,* 116 Kan. 26, 225 Pac. 1059, threats were alternative, those of prosecution, and, if ineffectual, to be followed with a beating. In each of the cases, *Smith v. Bank,* 90 Kan. 299, 133 Pac. 428, and *Bank v. Bay,* 90 Kan. 506, 135 Pac. 584, the basis of the duress was definite and specific threats.

From these cases cited by parties in this connection there is not one instance of duress that does not have a specific and definite threat, and we cannot but conclude that the allegations of the petition in this case are not sufficient to charge duress. It requires a threat, and a mere suggestion of payment affording a protection from criminal prosecution is not sufficient.

Duress is defined in 13 C. J. 396, 397, as follows:

"Duress is that degree of constraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or in apprehension to overcome the mind of a person of ordinary firmness. . . . Of course the agreement must have been entered into because of the imprisonment, or of fear of the threatened injury or imprisonment; otherwise there is no duress."

We think the demurrer to the petition should have been sustained.

The judgment is reversed and the cause is remanded with directions to sustain the demurrer.