No. 34,604

EDWARD J. SMITH et al., *Appellants*, v. THE BRIDGEPORT MACHINE COMPANY, *Appellee*.

(100 P. 2d 65)

Opinion filed March 9, 1940.

*Harold M. Hauser,* of Marion, *Wellington L. Merwine* and *M. L. Dettweiler,* both of Okmulgee, Okla., for the appellants.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action for conversion of personal property. A demurrer to plaintiffs' petition was sustained on the ground that the cause of action was barred by the statute of limitations.

In their petition plaintiffs alleged that on and prior to January 10, 1936, they were the owners of a steam engine and a "string" of tools used in drilling gas and oil wells, that these chattels were

situated on a described quarter section of land in Okmulgee county, Oklahoma, and that—

"Some time prior to the year 1936, the exact date of which cannot now be more specifically and definitely ascertained, and having no claim or interest whatever in said personal property of plaintiffs, the defendant took possession of, and carried away all of said above-described personal property, converting the same to its own use and has ever since concealed and withheld from plaintiff its location or where it could be found."

Plaintiffs' petition further alleged that some person who then occupied the land where the engine and string of tools were situated informed defendant that those chattels were not connected with any oil and gas leasehold covering said land, and that defendant should not remove them, but nevertheless defendant with full knowledge of plaintiffs' rights did—

"Without any right and authority of law, convert to its own use said personal property, thereby wrongfully exerting a distinct act of dominion over said personal property in denial of and inconsistent with the plaintiffs' ownership thereof, from the date last above herein set forth and alleged.

"Plaintiffs further allege that they did not discover said fraud, nor did they have any knowledge that said fraud, as above herein alleged, had been committed until on or about the 10th day of November, 1937."

Plaintiffs closed their petition with allegations of the value of the property, and prayed judgment for $1,000 actual damage, $1,500 for its use, and $300 for punitive damage, and for costs.

This action was begun on June 28, 1938. The petition was twice amended in particulars of no present concern.

Defendant's demurrer interposed two points against this petition —no cause of action stated, and the statute of limitations. The trial court sustained the demurrer and rendered judgment for defendant.

Plaintiffs appeal, contending that their action was one *for relief on the ground of fraud,* and that defendant's demurrer admits the truth of the allegation in the petition that the "fraud" was not discovered until about November 11, 1937, less than eight months before this action was begun.

But the only matters admitted by a demurrer are those which are well pleaded. The alleged wrong pleaded in plaintiffs' petition was not fraud, but conversion; and it did not help plaintiffs' belated action to characterize it as one sounding in fraud. Simply stated, fraud in contemplation of law is an act of deception or cunning intentionally and effectively used to cheat a person of his rights. In

*Bank v. Bay,* 90 Kan. 506, 135 Pac. 584, the action was to recover on promissory notes, and a defense of duress, which is one species of fraud, was interposed. In discussing this point, this court said:

"There is no clear and all-inclusive definition of the term 'fraud.' . . . But as generally understood fraud involves artifice, deceit, circumvention, breach of confidence, and the like. . . ." (p. 508.)

Moreover, this court has often held that where actual fraud is involved the facts constituting it must be pleaded, that the mere use of denunciatory adjectives will not suffice to plead a cause of action for relief on the ground of fraud. In *Ladd v. Nystol,* 63 Kan. 23, 64 Pac. 985, it was said:

"A mere general averment of fraud and illegality, without stating the facts upon which the charge is based, presents no issue, and is demurrable for insufficiency." (Syl. ¶ 1.)

To the same effect were *Dowell v. Railway Co.,* 83 Kan. 562, 112 Pac. 136, syl. ¶ 4; *La Harpe Farmers Union v. United States F. & G. Co.,* 134 Kan. 826, 8 P. 2d 354. See, also, excerpt from *Ambler v. Choteau,* 107 U. S. 586, 27 L. Ed. 322, in *Rogers v. J. R. Oil and Drilling Co.,* 149 Kan. 807, 812, 89 P. 2d 847.

Plaintiffs' petition does not state when the conversion of its property occurred, but they do allege that it was at "some time prior to the year 1936." So it was at least two years and some months prior to the commencement of this action. They allege no facts which would interrupt the running of the statute. The pertinent provision of the statute of limitations was the third subdivision of section 17 of the civil code, G. S. 1935, 60-306, which declares that an action for the taking of personal property (conversion) must be brought within two years and not afterwards.

Plaintiffs direct our attention to the case of *Algeo v. Algeo,* 125 Kan. 245, 263 Pac. 1077. In that case, however, aggravating facts of actual fraud and concealment of the conversion of partnership assets were pleaded, so, of course, the time for commencing the action did not begin until the appellee learned, or with due diligence should have learned, of the conversion of the property.

The same distinction should be obvious as to another case, *Maddox v. Smith,* 46 Okla. 678, 148 Pac. 842, cited by plaintiffs. In that case there was not only a conversion of plaintiff's cattle, but the wrongful act was accompanied and effected by well-pleaded facts of deception and cunning whereby defendant substituted and sold inferior cattle of his own for those of plaintiff. In such circum-

stances the wrong of specific well-pleaded fraud was a fundamental part of plaintiff's cause of action. There is no analogy between that Oklahoma case and the one at bar. In *Malone v. Young*, 148 Kan. 250, 264, 81 P. 2d 23, this court said:

"While the statute of limitations does not begin to run until the discovery of the fraud, plaintiff, under the general rule heretofore stated and under the repeated decisions of this court, is not relieved from such discovery by simply alleging ignorance of the fraud, but is required to plead facts which disclose inability to discover the fraud by the exercise of ordinary diligence."

The record contains no error and the judgment is affirmed.