No. 36,061

ELMER SHARP, *Appellant*, v. VERGIL COX et al. (JOHN O'BRIEN et al., *Appellees*).

(146 P. 2d 410)

Opinion filed March 4, 1944.

*Russell L. Hazzard*, of Dodge City, argued the cause for the appellant.

*A. B. Mitchell*, attorney general, argued the cause, and *Braden C. Johnston*, assistant attorney general, and *Irwin Snattinger*, of Topeka, were on the briefs for appellees Charles Maupin and P. L. Smith; *Richard A. Floyd*, Tribune, was on the briefs for appellee John O'Brien.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff brought this action for damages against four defendants—Vergil Cox, sheriff of Ness county at the time in question; John O'Brien, undersheriff of Ness County; Charles Maupin, investigator for the Kansas Bureau of Investigation, and P. L. Smith.

As against the defendant Cox, plaintiff alleged a cause of action for false arrest and imprisonment. Cox's demurrer to plaintiff's petition was overruled, and no question is presented to us respecting the correctness of that ruling.

As to the other defendants, the petition alleges:

"The defendants, John O'Brien, Charles Maupin and P. L. Smith, and each of them, recklessly, oppressively, insultingly, wilfully, unlawfully and maliciously and with design to oppress and injure plaintiff instigated, caused and and procured the arrest and confinement of said plaintiff as aforesaid."

O'Brien's separate demurrer, upon the ground that the petition does not state facts sufficient to constitute a cause of action against him, was sustained, and the joint demurrer of Maupin and Smith was sustained upon the same ground. Plaintiff has appealed from the ruling of the court sustaining the demurrers of O'Brien, Maupin

and Smith. In ruling upon the demurrer the trial court stated its reasons as follows:

"In sustaining the demurrers in behalf of the defendants O'Brien, Maupin and Smith it is my conclusion that the language of the petition alleging that the defendants 'instigated, caused and procured the arrest and confinement of said plaintiff as aforesaid," is not sufficient. It does not charge them with doing any act, saying any words, or engaging in any described activity from which it could be inferred that they instigated, caused or procured the arrest of the plaintiff. In my opinion these words express conclusions only, and I think it is rather immaterial whether they be called conclusions of fact or conclusions of law. They are in any case conclusions, as I view them, and not facts. It is the rule that a demurrer admits only facts well pleaded; so a demurrer does not in my view admit an allegation in the petition if the allegation amounts only to a conclusion of the pleader, unaccompanied by any statement of facts from which the pleader's conclusion is derived."

Appellant points out that defendants had filed no motion to have the petition made more definite and certain and argues that the language used should be liberally construed and all reasonable inferences indulged in to sustain the petition, citing *Owens v. Deutch,* 156 Kan. 779, 783, 784, 137 P. 2d 181. This principle has been many times recognized and applied, and yet it is difficult to see how defendants could prepare to defend a charge made in such general terms as stated in this petition. Our statute (G. S. 1935, 60-704, *Second*) requires the petition to contain:

"A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

It is difficult to see that the petition presents issuable facts. Inferences from facts pleaded generally are not substitutes for essential allegations of fact. See *Brane v. First National Bank,* 137 Kan. 403, 20 P. 2d 506, and authorities cited.

It must also be noted that as to these defendants the petition attempts to charge malicious prosecution as distinct from false imprisonment. Different elements enter into those actions. (35 C. J. S. 503.) When different causes of action are united in the same petition ". . . the cause of action so united must affect all the parties to the action, . . ." (G. S. 1935, 60-601. See, also, 49 C. J. 141.) The demurrer here involved did not include the ground that several causes of action were improperly joined. Nevertheless, we are required to construe this petition as it affects the defendants before us. (*Rakestraw v. State Highway Comm.,* 143 Kan. 87, 53 P. 2d 482; *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276.) In the reply brief appellant contends that the petition clearly

states an action for false arrest and imprisonment, and that the allegations with reference to O'Brien, Maupin and Smith are sufficient to make them tort-feasors with Cox. If that is the view to be taken we think it can be made much clearer by a redrafting of the petition, which is certainly open to the view that plaintiff seeks to recover from Cox upon one ground and from the other defendants upon a different one. The petition should be drawn upon a single and definite theory. (*Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619; *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 22 P. 2d 965.)

We find no error in the ruling. The judgment of the court below is affirmed.