No. 36,211

KELLY PRATT, *Appellant*, v. E. F. BARNARD et al., *Defendants;* FRED LANTERMAN, *Appellee.*

(154 P. 2d 133)

Opinion filed December 9, 1944.

W. H. Coutts, Jr., of El Dorado, was on the briefs for the appellant.
J. B. McKay, of El Dorado, argued the cause for the appellee.

The opinion of the court was delivered by

PARKER, J.: In an action to recover damages alleged to have been sustained by the plaintiff as a result of certain unlawful and wrongful conduct on the part of a number of persons named as defendants one of them demurred to the petition and his demurrer was sustained. Plaintiff acquiesced in the ruling and amended the petition. The same defendant then demurred to the pleading as amended. This demurrer was sustained and plaintiff appeals.

Preliminary allegations of the petition as amended can be summarized as follows:

Prior to May 3, 1940, E. F. Barnard who was the owner of a 200-acre farm located in Cowley county entered into an oral contract with plaintiff whereby he leased such farm to plaintiff from August 1, 1940, to August 1, 1941, with the understanding the latter could enter into possession any time subsequent to May 2, 1940; plaintiff took possession on May 3, prepared the land for crops and in the spring of 1941 sowed and planted 70 acres of oats and 65 acres of row crops.

Specific allegations of misconduct to be found therein and on which plaintiff based his right to recover damages follow:

"That in the early spring of 1941, the exact date of which this plaintiff does not now have knowledge, these said defendants, Fred Lanterman, Mr. and Mrs. Fred Kirsteatter and M. L. Opperud entered into an unlawful combination for the purpose of ejecting, damaging, and injuring this said plaintiff, and thereafter made various and sundry threats against said plaintiff, both as to the person and property of said plaintiff, and thereafter did cause to be filed in the County Court of Butler County, Kansas, on the 5th day of May, 1941, a criminal complaint against said plaintiff, being Case No. 1239 in said court, this for the purpose of damaging said plaintiff, obtaining the possession of said crops and property, and otherwise injuring said plaintiff; that all of the defendants as named above did unlawfully enter into a conspiracy to obtain possession of said farm and said plaintiff's crops, and otherwise damage and injure said plaintiff, and the defendants have continued their threats, persecution, and duress up to the time of the filing of this action.

"That thereafter said defendants and all of them did come to said plaintiff's home, and there did threaten physical harm to said plaintiff and threaten to remove said plaintiff from said farm by physical violence in the event he did not peaceably, immediately leave; that said plaintiff was afraid for his life, and that acting upon the threats and under the duress of said defendants and each of them did on the 12th day of June, 1941, against his will and wish remove

from said property and from his crops so planted and which were not yet ready for harvesting, and that said defendants did injure and damage said plaintiff in the following manner to-wit:

"1. Value of the possession of improvements of said property until
   expiration of lease.......................................... $100.00
"2. Value of 70 acres of oats..................................... 168.00
"3. Value of 70 acres of oats straw.............................. 315.00
"4. Value of 65 acres of row crops.............................. 1,170.00
"5. Damages on forced sale of 60 hogs.......................... 1,500.00

all to a total damage of Three Thousand Two Hundred Fifty Three Dollars ($3,253.00)."

The recital at length of the allegations of fact to be found in the petition with respect to acts of the defendants relied upon as the basis of his cause of action has been necessary in order to fully determine the issues raised by the appeal. The appellee's demurrer raised the question of misjoinder of causes of action and challenged the sufficiency of the amended petition on the ground it failed to state facts sufficient to constitute a cause of action.

Appellant states the only point raised in the trial court was whether such pleading stated a cause of action. While it appears that statement is a debatable one we will, since it appears the appeal can be disposed of on that issue, confine our deliberations to it. We pause, however, to note that no allegation in the pleading charged Barnard, the owner of the land, with any act of misconduct relied upon for recovery, either expressly or by inference. In the absence of averments of that character the most that can be said for appellant's alleged cause of action against him is that the contract of tenancy as between him and appellant was breached and that the latter failed to remain upon the leased premises for the full term agreed upon. Without passing on the question we feel constrained to remark that under such conditions the appellee's contention there was a misjoinder is not without considerable merit (See G. S. 1935, 60-601; *Benson v. Battey,* 70 Kan. 288, 78 Pac. 844; *Osborne v. Kington,* 148 Kan. 314, 80 P. 2d 1063; *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276; *Cole v. Thacker,* 158 Kan. 242, 146 P. 2d 665 and *Sharp v. Cox,* 158 Kan. 253, 254, 146 P. 2d 410).

We turn now to the issue which, as heretofore indicated, we deem decisive.

A portion of appellee's argument is devoted to a discussion of the nature of the action. He insists the amended petition so interweaves and commingles allegations of criminal conspiracy, assault, false

arrest, malicious prosecution, conversion and duress it is apparent it is not drawn upon a single and definite theory and, therefore, for that reason, is open to demurrer. It is true an action must be brought upon a single and definite theory (*Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619; *Sluss v. Brown-Crummer Inv. Co.* 137 Kan. 847, 22 P. 2d 965; *Lofland v. Croman,* 152 Kan. 312, 103 P. 2d 772 and *Sharp v. Cox,* supra.), or a petition is subject to demurrer as failing to state a cause of action. Nevertheless, if the confusion of theories is not of such character as to preclude it, it is the duty of the appellate court to determine if possible from the scope of a petition a definite theory on which the cause is based and uphold it. The nature of the action is to be determined by the recitals of fact to be found in the pleading without regard to the relief demanded and the action does not fail for lack of label nor for a wrong label (*Parkhurst v. Investors Syndicate,* 138 Kan. 7, 10, 23 P. 2d 1119).

With the principles of law in mind to which we have just referred, we have carefully examined the amended petition. While a cursory glance at its allegations might at first blush give the impression the theory on which appellant founds his action is so indefinite as to be incapable of ascertainment, and hence within the rule, a more critical examination of its averments leads to the view it is predicated upon a series of misconduct resulting in the taking, detaining and injuring of personal property. When so regarded, unless barred by the statute of limitations, it states a cause of action. Having reached this conclusion it then becomes necessary to determine whether from allegations appearing on the face of the pleading the cause of action set forth therein is barred by the provisions of such statute and if so whether that question can be raised and disposed of on a demurrer based on the grounds to be found in the one here under consideration. That problem can, we believe, be fully disposed of by recourse to statutory enactments and pertinent decisions.

The section of our statute fixing the grounds for demurrer (G. S. 1935, 60-705) is so well known as to scarcely require quotation. In part it reads:

"The defendant may demur to the petition only when it appears on its face, either: . . . Fifth, that the petition does not state facts sufficient to constitute a cause of action."

Equally familiar are the provisions of G. S. 1935, 60-306. They read:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . .

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; . . ."

Few, if any, rules have been more frequently applied than the one announced by this court in passing upon the question of when and under what circumstances a demurrer to a petition should be sustained when the issue involved was that the pleading against which the demurrer was lodged failed to state facts sufficient to constitute a cause of action because barred by the statute of limitations. Without exception this court has held that where that defect appears upon the face of the petition no cause of action was stated and the demurrer should have been sustained. (See *Zane v. Zane,* 5 Kan. 134; *City of Phillipsburg v. Kincaid,* 6 Kan. App. 377, 50 Pac. 1093; *Hunt v. Jetmore,* 9 Kan. App. 333, 61 Pac. 325; *Perry v. Robertson,* 96 Kan. 96, 150 Pac. 223; *Norton v. Montgomery County,* 109 Kan. 559, 199 Pac. 388; *Kansas State Bank v. Shaible,* 118 Kan. 73, 234 Pac. 40; *Schenk v. Kansas City,* 134 Kan. 181, 5 P. 2d 842; *Bowles v. Portelance,* 145 Kan. 940, 67 P. 2d 419; *Herthel v. Barth,* 148 Kan. 308, 81 P. 2d 19 and *Ryan v. Scovill,* 147 Kan. 748, 78 P. 2d 877.) Even in cases where judgments overruling demurrers have been sustained because the defect did not appear upon the face of the pleading the doctrine is recognized and approved. Many such decisions could be cited. A few of them are *Garfield Township v. Dodsworth,* 9 Kan. App. 752, 58 Pac. 565; *Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470; *Mercantile Co. v. Rooney,* 114 Kan. 840, 220 Pac. 1048; *West v. Sims,* 153 Kan. 248, 109 P. 2d 479 and *American Glycerin Co. v. Freeburne,* 157 Kan. 22, 138 P. 2d 468.

Appellant does not seriously question the rule. Instead he urges his amended petition does not fall under its application because of allegations there to be found pertaining to threats and duress. In support of this argument he directs our attention to *Motor Equipment Co. v. McLaughlin,* 156 Kan. 258, 133 P. 2d 149, wherein it was held:

"The statute of limitations does not commence to run against an action for relief from written instruments executed under duress nor against an action for damages based upon the wrongful taking of property under the guise of such instruments so long as the duress exists and the aggrieved party continues to be dominated thereby." (Syl. ¶ 4.)

He might also have cited *Bank v. Bay,* 90 Kan. 506, 509, 135 Pac. 584, which is to the same effect. We have no quarrel with the general doctrine announced in those cases. It is sound in principle and we approve it. The trouble with appellant's position is that we are not here confronted with a situation where it is conceded duress has been pleaded in such manner as to show that the running of the statute has been tolled on a cause of action otherwise barred, but with one exactly to the contrary. Appellee's contention is that even with the rule conceded, the allegations of the amended petition are insufficient. Digressing for the moment from the specific question we have under consideration, it is interesting to note that in neither of the cases just referred to was the sufficiency of the pleading tested by demurrer. Nevertheless we do not construe either of such decisions to hold that a person, whose right of action in damages for the wrongful taking of his property by another as a result of threats and duress has accrued, can sit idly by, permit the time to expire within which an action is barred by the limitation act, and then be heard to say a petition which merely sets forth the facts on which the cause arose, and makes no attempt to plead the statute has in some manner been tolled, states a valid cause of action. In effect that would be the legal consequence of appellant's contention if it should be sustained.

In dealing with questions pertaining to the sufficiency of pleadings this court, and particularly in fraud cases, has consistently recognized the necessity for stating facts which would interrupt the running of the statute. Illustrative of the application of the rule is *Smith v. Bridgeport Machine Co.,* 151 Kan. 444, 100 P. 2d 65, wherein it was held:

"In an action for wrongful conversion of personal property, the statute of limitations is not tolled by merely characterizing the alleged conversion as a fraud, nor by invoking the rule applicable to cases of well-pleaded and belatedly discovered fraud." (Syl. ¶ 2.)

See, also, *Perry v. Robertson,* 96 Kan. 96, 150 Pac. 223; *Liphart v. Myers,* 97 Kan. 686, 156 Pac. 693; *Gillmore v. Gillmore,* 91 Kan. 707, 139 Pac. 386; *Cornelssen v. Harman,* 103 Kan. 624, 176 Pac. 141, and *Annis v. Warner,* 126 Kan. 127, 266 Pac. 935.

Although it would seem our decisions are to the effect that in applying the general limitation statute duress and fraud are not the same, it is well established that duress is a species of fraud. (*Johnson v. Schrader,* 150 Kan. 545, 95 P. 2d 273; *Smith v. Bridgeport Machine Co.,* 151 Kan. 444-446, 100 P. 2d 65.) From the standpoint

of pleadings, and when restricted to questions pertaining to their sufficiency, we experience no difficulty in reaching the conclusion duress is the equivalent of fraud and that if relied upon to interrupt the running of the statute on a cause of action which appears on its face to be barred the facts which established that condition must be pleaded.

Do the allegations to be found in the amended petition meet the requirements we have just stated are necessary? We cannot so hold. Liberally construed their effect is that appellant's cause of action for the taking, detaining and injuring of his property accrued on the 12th day of June, 1941. Whatever it was the defendants there named had in mind would be the ultimate result of their conduct was accomplished on that date. Appellant specifically so states. The amended petition, necessary because of the sustaining of a demurrer to the original and acquiescence in such judgment, disclosed it was filed on December 6, 1943. True, that information is gleaned from the clerk's endorsement but that too is a part of the face of the petition. Therefore, the action was filed more than two years after appellant's cause had accrued. When tested by our decisions it was barred unless facts were alleged showing the statute had been tolled.

What are the allegations on which appellant must stand if it is to be said that situation existed? Reverting again to the petition the only language there found which is even susceptible of a contention it has that effect reads: "and the defendants have continued their threats, persecution and duress up to the time of the filing of this action." What threats? What persecution? What duress? The only possible answer to these questions must be the conduct which resulted in appellant's damage and the accrual of his cause of action. Obviously they did not prevent him from bringing his action within the period of time required by the statute. Neither can they be regarded as allegations of facts which would interrupt the running of the statute. The duress required to effect that result must be based on facts which caused him to refrain from bringing the action until the date it was instituted by him and to avoid the bar of the statute must be found within the four corners of the pleading. Our search fails to disclose any express allegations susceptible of that interpretation. Nor do we believe it can be said they are there when given the benefit of all inferences to which they are entitled on demurrer. Therefore, the judgment sustaining the demurrer of the trial court was proper.

The judgment is affirmed.