No. 36,994

A. HEALD and W. B. LANPHIER, *Appellees,* v. J. D. WILLIAMS and PAUL M. MERIDITH, *Appellants.*

(199 P. 2d 166)

Opinion filed November 13, 1948.

*Cliff A. Morgan,* of Newton, argued the cause, and *W. H. von der Heiden,* of Newton, was with him on the briefs for the appellants.

*Thomas C. Forbes,* of Eureka, argued the cause, and *W. A. Kahrs, Robert H, Nelson,* both of Wichita, and *Harold G. Forbes,* of Eureka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiffs commenced an action against J. D. Williams and Paul M. Meridith, on two causes of action, the first to recover the sum of $2,160 due on a written contract, and the second to recover damages for defendants' failure to drill certain oil wells. Defendant Meridith made no appearance, judgment was rendered against him by default and there has been no appeal by him. Williams, hereafter referred to as the defendant, filed an answer and the cause was later tried by a jury. At the conclusion of the defendant's testimony, the plaintiffs moved for judgment against the defendant on the first cause of action on the ground there was no evidence to warrant submission of the cause to the jury and that the undisputed evidence established that plaintiffs were entitled to judgment. At the same time the plaintiffs dismissed their second cause of action. The trial court sustained the motion and entered judgment against the defendant, who later filed a motion for a new trial. That motion was denied and the defendant perfected his appeal to this court.

In his abstract, which seems to be a printed transcript rather than an abstract, the defendant has specified error in a number of particulars, and sufficient to form the basis for the contentions presented in his brief.

Briefly stated, plaintiffs alleged that on September 18, 1941, they entered into a written contract with defendants, a copy of which was made part of the petition, whereby the defendants agreed to drill three oil wells, or in lieu of drilling, would pay the plaintiffs the sum of $2,160 and make an assignment of a certain oil and gas lease; that the defendants had failed and refused to drill the second and third wells, or to pay the contract sum. The contract referred to showed that it was made to settle an action then pending in the district court of Greenwood county to recover $3,670.89. We need not set forth the details of the contract whereby defendants agreed to drill one well to a depth of 1,250 feet unless oil or gas be found in paying quantities at a lesser depth, then a second well to a depth of 2,400 feet, and then a third well. The defendants were given an option to drill the second well or pay the plaintiffs the sum of

$2,160. The contract further provided that defendants pay plaintiffs the sum of $620.68 and execute and deliver to each plaintiff a one-sixteenth interest in the leasehold, and upon full performance of all agreements the plaintiffs agreed to dismiss the Greenwood county action and to destroy assignments previously made. Other details of the contract will be mentioned later if necessary.

Defendant answered, pleading many facts concerning the drilling of a well by plaintiffs for defendant and Meridith, prior to September 18, 1941, and out of which grew the action in Greenwood county, the contract presently involved, and the inducements made by plaintiffs to have defendant proceed in drilling, and alleging that plaintiffs and defendant were not on equal terms; that plaintiffs were experienced in drilling of wells and defendant was not; that defendant was seventy-eight years of age and because of his age and physical condition he was not mentally alert and his understanding was not equal to that of plaintiffs; that defendant relied on plaintiffs; that the contract was improvident in that it bound defendant to drill other wells when one dry hole had already been drilled. Defendant further alleged that the damages suffered by plaintiffs, if any, were speculative, indefinite and uncertain and under the law plaintiffs were not entitled to recover.

At the trial, after opening statements were made, the pleadings in the Greenwood county action, leases and assignments involved in the instant action, and possibly other written evidence, were admitted in evidence under stipulation of the parties. Plaintiffs' evidence consisted principally in proving the written contract of September 18, 1941, and that defendant has failed to perform under it. Defendant's evidence included reference to a well drilling contract made June 24, 1940, between the present plaintiffs and Paul M. Meridith, with whom defendant became associated, and controversies growing out of the performance of that contract, culminating in the action filed in the district court of Greenwood county, the settlement of that action by the contract of September 18, 1941, and the payment of $620.68 as therein provided. Williams, as a witness in his own behalf, testified in detail to operations under the first contract and to his financial assistance to Meridith with whom he had become associated, to many of the negotiations leading up to execution of the contract of September 18, 1941, and that the reason he did not perform the contract was because he had been informed the well would not be a producer and because he was broke and had

no money. It may be said the evidence showed that the leasehold on which the wells were to be drilled bordered producing territory and that both producing wells and dry holes had been drilled near the leasehold. In response to questions Williams stated he had been a railway postal clerk, that he had retired when sixty-two years of age, and had thereafter engaged in the business of selling coal until he was about eighty-two years of age and that he was retired at the time of the trial, which occurred in April, 1947, at which time he was over eighty-three years of age. He stated he was hard of hearing and forgetful, but his testimony abstracted at length and consuming over fifty pages of the abstract, indicates he remembered his course of dealing rather well.

Defendant called as a witness Mr. von der Heiden, who testified he had known defendant for fifty years and saw him occasionally. The witness testified that he had been a partner of Mr. Morgan, who represented defendant, and when Mr. Morgan was not present he had talked with defendant. Finally he was asked from his observation and his acquaintance with defendant how he regarded defendant's mental condition when the contract of September 18, 1941, was signed. An objection the witness was not shown to be qualified was sustained. Further questions developed that the witness saw defendant only occasionally, and the court sustained objections to a series of other questions on the ground the witness had not shown himself qualified to answer.

As has been noted, the trial court sustained plaintiffs' motion for judgment. Defendant's motion for a new trial was a voluminous document charging abuse of discretion by the trial court; accident and surprise; error in sustaining objections to evidence, and in not considering that a confidential relation existed between the parties. In support of a contention that competent evidence had been erroneously excluded, an affidavit was submitted of Mr. von der Heiden as to what he would have testified had he been permitted to do so.

The trial court denied the motion for a new trial, as well as a belated written motion to permit defendant to make his answer conform to proof.

Mr. von der Heiden's affidavit stated he was seventy-eight years of age and a former partner of Mr. Cliff A. Morgan and that he had acted as attorney for defendant when he first entered into oil drilling operations and had turned the business over to Morgan; that Mor-

gan entered military service and he looked after the matter until Morgan returned when the business was turned back. No dates are mentioned. He further stated he had frequently testified as a nonexpert witness on questions of sanity; that he lived "not far from" the defendant, was present at the trial and heard him testify and knew from hearing defendant testify that he was weak-minded. He then related a series of events, many of which indicate witness's knowledge was hearsay, that led to his stated conclusion "from my experience with many weak-minded persons, I am positive he has been and is feeble-minded and distracted to such a degree that he is what is commonly known type of senile dementia, . . ." He further stated defendant's weight at various dates and said defendant's wife and daughter were at the trial and would also so testify. Whether that testimony would be as to defendant's weight or to all matters is not clear from the affidavit.

Under the heading the trial court erred in determining the competency of defendant's witnesses and in excluding their testimony, defendant first directs our attention to Staab v. Staab, 160 Kan. 417, 163 P. 2d 418, and argues there was a confidential relationship between the plaintiffs and the defendant, and that by bringing the suit in Greenwood county and subsequently making the contract of September, 1941, on which the present action was rested, plaintiffs abused that relationship. It is not necessary that we comment on the rule of the Staab case. There is no evidence warranting any inference that any trust or fiduciary relationship existed between plaintiffs and defendant. There is no evidence that plaintiffs sought in any way to have defendant become associated with Meridith or were concerned in any manner as to the course of dealing between them. When the action in Greenwood county was settled by the contract now sued on, defendant was represented by his own counsel.

Defendant also directs our attention to State v. Rumble, 81 Kan. 16, 105 Pac. 1, 25 L. R. A., n. s., 376, where it was held that insanity may be proved by nonexpert witnesses, and argues the court erred in sustaining the objections made to the testimony of Mr. von der Heiden. We need not comment on the rule stated for there is no doubt that a proper foundation having been laid, a nonexpert witness may give his opinion. The difficulty is that when Mr. von der Heiden was examined, he was not asked questions showing his opportunity for observation at or about the time the contract was made in September, 1941, nor were any other witnesses called.

Without being critical of all statements.contained in it, the affidavit of Mr. von der Heiden did show that possibly he could have been qualified to testify, and have given testimony that defendant was incompetent in some degree, and that possibly other witnesses could have been called who would have given testimony of like effect. No reason appears, however, why an effective effort was not made at the trial to qualify Mr. von der Heiden, nor why the other witnesses were not called. All of the named persons were present at the trial. Defendant, whose competency is now challenged, did testify at length, and while he did state on occasion he could not remember some particular thing, his testimony generally was the only testimony covering the defense attempted to be made. Insofar as the ruling on Mr. von der Heiden's qualification to testify at the trial is concerned there was no error. Insofar as there is contention to the effect there is newly discovered testimony, it may be said there is no showing as to diligence. Under a separate heading that the trial court erred in its rulings on evidence, the defendant repeats his contention that objections to the testimony of Mr. von der Heiden were erroneously sustained. What has been said covers the contention.

Under another heading defendant argues that it having been shown that defendant was feeble-minded and that plaintiffs occupied a fiduciary relationship to the defendant, it was error for the trial court to refuse to submit the cause to the jury and to sustain plaintiffs' motion for judgment. Defendant's argument under this heading is premised on the assumption the evidence showed his mental incapacity and the existence of a fiduciary relationship. Neither premise is warranted by the record. He argues further that the trial court, in sustaining the motion, must have taken the view that the statute of limitations for fraud was binding upon the appellant and that if defendant claimed fraud or undue influence or unconscionable advantage, he should have brought an action within two years, and that such a view was erroneous, in that defendant urged fraud, undue influence or unconscionable advantage only as a defense and asked no affirmative relief and under such a situation the statute of limitations did not apply. In support he quotes from *Muckenthaler v. Noller,* 104 Kan. 551, syl. ¶¶ 3, 4, 180 Pac. 453, and *Smith v. Bridgeport Machine Co.,* 151 Kan. 444, 446, 100 P. 2d 65. There is no doubt as to correctness of the general rule stated in the first mentioned case, but we find nothing in the record justifying

any conclusion that the trial court based its ruling on the view ascribed to it by defendant. Defendant's own testimony made it clear that he quit drilling because he was advised the well was no good and he was wasting money. At another time he said he quit because he was broke and out of money. Argument predicated on the proposition the defendant's evidence proved or tended to prove that plaintiffs committed fraud, even though that term include artifice, deceit, circumvention, breach of confidence and the like (*Bank v. Bay,* 90 Kan. 506, 135 Pac. 584) or exercised undue influence upon or took an unconscionable advantage of the defendant, is not tenable.

Defendant also contends that the trial court erred in ruling that no testimony would be received from the defendant pertaining to the facts of the Greenwood county action and the drilling of the well out of which that action grew. During the course of the trial of the instant action defendant was permitted to testify to many events occurring before the contract of September, 1941, was made. He also sought to inquire into the merits of the Greenwood county action, whether the allegations of the petition in that action were correct, and as to certain facts which might have been a defense had the action been tried. It is undisputed that that action was settled by the contract of September, 1941, and the costs paid. Under the circumstances, the merits of that action had nothing to do with the matter being tried and the court properly sustained the objection.

Defendant's contention the trial court erred in overruling his motion for a new trial presents in different phrasing the contentions previously discussed.

It has not been made to appear that the trial court erred in the matters of which complaint is made, and its judgment is affirmed.

COWAN, J., not participating.